# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **JIMMY S. SHUMAKER,** an individual, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | **CASE NO.:** |
| **UNITED NATURAL FOODS, INC.,** a foreign corporation; **SUPERVALU, INC.,** a foreign corporation, et al., ) ) ) ) ) ) | |
| Defendant(s). ) | |

## NOTICE OF REMOVAL

COMES NOW the Defendant identified as Supervalu, Inc. (hereinafter "Supervalu") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby removes this action filed by Plaintiff Jimmy S. Shumaker in the Circuit Court of Calhoun County, Alabama, to the United States District Court for the Northern District of Alabama, Eastern Division. In support of this Notice, Defendant shows the following:

## A. **PROCEDURAL BACKGROUND**

1. This case was commenced by Plaintiff on June 6, 2022, in the Circuit Court of Calhoun County, Alabama, Case No. 11-CV-2022-900252.00. The documents attached as Exhibit "A" constitute all of the process and pleadings served, received and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

2. Service of process was issued to Defendants *via* certified mail on June 6, 2022. Supervalu was served with a copy of the Summons and Complaint on June 9, 2022. [Ex. A].

3. This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Eastern Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 1332 and 1441(a).

4. This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b).

5. All defendants join in and consent to this removal in accordance with 28 U.S.C. § 1446(b)(2); thus, the unanimity requirement for removal, has been satisfied. *See Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001).

6. Promptly after the filing of this Notice, Defendant is filing a copy with the Clerk of the Circuit Court of Calhoun County, Alabama as required by 28 U.S.C. § 1446(d).

## B. DIVERSITY OF THE PARTIES

7. At the time of the commencement of this action and the time of this removal, Plaintiff was a resident of the State of Alabama. [Ex. A, Complaint, ¶ 1]. Defendant avers that Plaintiff intends to remain in Alabama; is domiciled in Alabama; and is therefore a citizen of the State of Alabama. [*See* Answer of Supervalu, ¶ 1, filed contemporaneously herewith].

8. Supervalu is a foreign corporation formed under the laws of the State of Delaware with its principal place of business in Minnesota. [*See* Answer of Supervalu, ¶ 3].

9. UNFI is a foreign corporation formed under the laws of the State of Delaware with its principal place of business in Rhode Island. [*See* Answer of Supervalu, ¶ 3, n.1].

10. For purposes of diversity jurisdiction Supervalu is a citizen of the State of Delaware and the State of Minnesota, and UNFI is a citizen of the State of Delaware and the State for Rhode Island.

11. The parties identified above constitute all of the non-fictitious parties to this action, and there is complete diversity of citizenship between them, thereby satisfying the citizenship requirements of 28 U.S.C. § 1332.

12. Citizenship of the fictitious defendants should be ignored for the purposes of removal. 28 U.S.C. § 1441(a).

### C. AMOUNT IN CONTROVERSY

13. In order to be removable, there must be at least $75,000.00 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(a).

14. Plaintiff's Complaint alleges claims of negligence and wantonness against Defendants and demands compensatory and punitive damages in an amount to be determined by a jury. [Ex. A, Complaint].

15. The Complaint states in part that Plaintiff was injured and damaged as follows:

> "Plaintiff was caused to suffer severe, substantial, catastrophic, and permanent injuries and damages, including, without limitation:
>
> a) Severe physical injury to his body, including, large puncture wounds, crushed/fractured bones, and damage to cartilage, ligaments, and nerves in his right foot requiring Plaintiff to endure hospitalization, multiple surgeries, and lengthy and ongoing medical care;
>
> b) Permanent scarring and disfigurement;
>
> c) Permanent limitation and loss of function and use of his foot;

  d) Substantial and severe pain and suffering, which Plaintiff has suffered and will continue to suffer in the future;

  e) Substantial medical bills, costs, and expenses, which Plaintiff will continue to incur in the future;

  f) Out-of-pocket costs and expenses, which Plaintiff has incurred and will continue to incur in the future;

  g) Lost wages;

  h) Lost or diminished future earnings and earning capacity;

  i) Lost or diminished enjoyment of life; and,

  j) Severe mental anguish and emotional distress, which Plaintiff has suffered and will continue to suffer in the future."

[Ex. A, Complaint, ¶ 53].

  16. Based upon the precedent of *Bush v. Winn Dixie, LLC*, 132 F. Supp. 3d 1317 (N.D. Ala. 2015), Plaintiff's Complaint setting forth claims and seeking damages referenced above establishes the requisite amount in controversy. *Id.* at 1318. See also *Smith v. State Farm & Casualty Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that "plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will not accept more. Otherwise, a plaintiff will find herself in federal court, which is now saddled by Congress with a new and heavy burden"); *Green v.*

*Wal-Mart Stores East, L.P.*, No. 2:14-cv-1684-WMA, 2014 WL 6792043 (N.D. Ala. Dec. 2, 2014) (holding that "[i]n her complaint, [plaintiff] . . . alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages.  Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.00. Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000").

17. In *Bush*, this Court granted Plaintiff's Motion to Remand, holding that the defendant failed to timely file its Removal Notice within thirty (30) days of receipt of Plaintiff's Summons and Complaint.  *Bush*, 132 F. Supp. 3d 1321-22. Despite the fact the *Bush* Complaint contained no *ad damnum* clause and did not specify the alleged body parts that were purportedly injured as a result of the incident, the Court noted that "the [Eleventh Circuit] … has finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000." *Id.* at 1318. The Court went on to state that "[t]his new opening of the federal courts of Alabama to non-resident defendants has taken away the artificial and unfair obstacle to removal erected by Alabama plaintiffs, namely, the expedient

of leaving out an *ad damnum* clause." *Id.* at 1318-19. "This Court has since 2010 reversed course and held that a plaintiff … who wants to stay in her chosen forum must formally acknowledge a $74,999.99 limitation on any recovery." *Id.* at 1319.

18. Plaintiffs' Complaint in the case at bar does not expressly disclaim entitlement to more than $74,999.99, nor does Plaintiff's Complaint categorically state that he will not accept more. In short, Plaintiff's Complaint does not formally acknowledge a $74,999.99 limitation on any recovery.

19. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010), is a decision addressing the removal of cases based solely on the face of the Complaint. The *Roe* opinion noted that the decision in *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), dealt only with cases removed based on the defendant's receipt of an amended pleading or "other paper" which indicated for the first time that the case was removable. It noted that any of the *Lowery* court's commentary as to cases removed under U.S. § 1446(b)(1) was *dicta* as opposed to binding precedent. *Roe*, 613 F.3d at 1061, n3 (*citing Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 747 (11th Cir. 2010)). In *Roe*, the Court noted that "It may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the 'the Complaint does not a claim a specific amount of damages'" *Id*. at 1061 (quoting *Pretka*, 608 F.3d at 754; (quoting *Miriam Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). The Court also noted it made little sense

to rely solely upon the Complaint's statement concerning damages as doing so would allow skilled plaintiffs' attorneys to effectively "make federal jurisdiction." *Id.* at 1064 (*quoting Pretka*, 608 F.3d at 766). Instead, district judges should use "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in making an independent assessment of the amount of the claim damages based on the pleadings. *Id.* at 1061-2 (*quoting Pretka*, 608 F.3d at 754).

20. Following *Roe*, district judges in the Northern District of Alabama have held that the amount in controversy threshold is met when a Complaint seeks "unspecified damages of various kinds, such as punitive damages and emotional distress" and does not *disclaim* recovery of $75,000.00 or above. *Smith v. State Farm Fire & Cas. Co.,* 868 F. Supp. 2d. 1333, 1335 (N.D. Ala. 2012); *See also Hogan v. Mason*, 2017 U.S. Dist. LEXIS 55055 (N.D. Ala. April 11, 2017); *Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 1317 (N.D. Ala. 2015); *Seckel v. Travelers Home & Marine Ins. Co.,* 2013 U.S. Dist. LEXIS 11582 (N.D. Ala. Jan. 29, 2013).

21. Based upon the above-cited authorities, it is facially apparent from Plaintiff's Complaint the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010).

22. Plaintiff also seeks punitive damages. [Exhibit A, Complaint]. Courts should consider punitive damages when determining the jurisdiction amount in

controversy. *McDaniel v. Fifth Third Bank*, 568 F. App'x 729 (11th Cir. 2014) (holding that the Court should consider punitive damages as part of a jurisdictional amount when accessing the amount in controversy threshold).

23.   "Punitive damages must be considered when determining the jurisdictional amount in controversy." *Ray v. Perry*, 392 Fed. App'x, 753, 755 (11th Cir. 2010).

24.   "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (*quoting McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

25.   Defendants deny liability to Plaintiff in any amount but do not dispute the amount in controversy exceeds $75,000.00, as evidenced by Plaintiff's Complaint.

26.   Based upon the above, the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332, 1441 and § 1446. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Circ. 2010) and *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007).

### D. TIMELINESS

27. The removal is filed within thirty (30) days from when Defendant Supervalu was served with the Summons and Complaint and is therefore timely. 28 U.S.C. § 1446(b).

### E. CONCLUSION

28. Defendant satisfied all procedural requirements with respect to timing, diversity of citizenship, and amount in controversy, and removal is proper. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendant prays the filing of this Notice of Removal, the serving of written notice on Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Calhoun County, Alabama, shall justify removal of said suit to this Honorable Court.

Respectfully submitted,

/s/ Virginia F. Gambacurta
VIRGINIA F. GAMBACURTA (ASB-2046-i71f)
J. ALEX ROBERTSON (ASB-5200-v11k)
Attorneys for Defendant Supervalu, Inc.

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
Email: vgambacurta@carrallison.com
arobertson@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July, 2022, I have served a copy of the above and foregoing on counsel for all parties by:

    _____Facsimile transmission;
    _____Hand Delivery;
    _____Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or
    _XX_ Using the Alafile or CM/ECF system which will send notifications of such to the following:

Victoria L. Dye, Esq.
Erby J. Fischer, Esq.
Morgan & Morgan Birmingham, PLLC
2317 Third Avenue North, Suite 102
Birmingham, Alabama 35203
vdye@forthepeople.com
efischer@forthepeople.com

                                                /s/ Virginia Gambacurta
                                                OF COUNSEL