FILED
2022 Jul-08  PM 02:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

EXHIBIT A

ELECTRONICALLY FILED
6/6/2022 10:00 PM
11-CV-2022-900252.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>11 | CIRCUIT COURT OF<br>CALHOUN COUNTY, ALABAMA |
|---|---|---|---|
| | | Date of Filing:<br>06/06/2022 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA
### JIMMY S. SHUMAKER v. UNITED NATURAL FOODS, INC. ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER

R ☐ REMANDED     T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO
Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| DYE010 | 6/6/2022 10:00:40 PM | /s/ Victoria L. Dye |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**  ☐ YES  ☐ NO  ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**  ☐ YES  ☐ NO

ELECTRONICALLY FILED
6/6/2022 10:00 PM
11-CV-2022-900252.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

# IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

**JIMMY S. SHUMAKER,** an individual,

      PLAINTIFF,

**vs.**                                     Civil Action No.: _____

**UNITED NATURAL FOODS, INC.,** a foreign corporation;
**SUPERVALU, INC.,** a foreign corporation; and,
**FICTITIOUS DEFENDANTS:**
**"A",** whether singular or plural, being the person who operated, stopped, parked, and/or left unattended the powered industrial truck without lowering the load-engaging means to the floor or otherwise ensuring the load-engaging means were not obstructing or in the path of other forklifts being operated on the premises at the time of the July 27, 2020 incident made the basis of this case;
**"B",** whether singular or plural, being the person who failed to move or remove the powered industrial truck from the aisle or path of travel of other powered industrial trucks operating on the premises where the incident made the basis of this case occurred;
**"C",** whether singular or plural, being the person who or which was named, designated as, operated as, or was responsible for acting as the safety supervisor on the premises where the incident made the basis of this case occurred;
**"D",** whether singular or plural, being the person who was responsible for inspecting the premises where the incident made the basis of this case occurred;
**"E",** whether singular or plural, being the person or entity who or which was responsible for training and supervising the employees, agents, servants, or contractors in, on, or around the premises where the incident made the basis of this case occurred;
**"F",** whether singular or plural, being the person or entity who or which was the employer of Fictitious Defendants A - E at the time of the incident made the basis of this case;
**"G",** whether singular or plural, being the person or entity for whom Fictitious Defendants A - E, separately and severally, were performing some type of service or duty at the time of the incident made the basis of this case;
**"H",** whether singular or plural, being that entity – other than those entities described above – which is the parent, subsidiary, affiliate, or successor-in-interest of any of the named or fictitiously described Defendants in this lawsuit;
**"I",** whether singular or plural, being that person, firm, corporation, or entity who or which was the owner, lessor, or lessee of the premises(es) where any act, omission, or injury related to the incident made the basis of this case;
**"J",** whether singular or plural, being that person, firm, corporation, or entity who or which controlled or had the right to control the premises(es) where any act, omission, or injury related to the incident made the basis of this case occurred and/or to control the chattel involved in this incident made the basis of this case;

**"K"**, whether singular or plural, being the person or entity that provided any kind of liability insurance coverage for any named Defendant and/or Fictitious Party Defendant herein on the date of the incident made the basis of this lawsuit;

**"L"**, whether singular or plural, being that person or entity who or which issued any policy of insurance which provided coverage of any kind whatsoever for the injuries and damages suffered by the Plaintiff as the direct or proximate result of the July 27, 2020 incident made the basis of this lawsuit;

**"M"**, whether singular or plural, being that person or entity who or which provided any insurance coverage of any kind, including excess and/or umbrella coverage, for any of the materials involved in the incident made the basis of this lawsuit; and/or for any employee, agent, servant, or contractor involved in any way in the incident made the basis of this case; and/or for any of the Named or Fictitious Defendants listed or described herein;

**"N"**, whether singular or plural, being that person or entity – other than those described hereinabove – whose negligent, reckless, wanton, or otherwise wrongful actions or failures to act caused or contributed to cause the incident made the basis of this case; and,

**"O"**, whether singular or plural, being that person or entity – other than those persons or entities described hereinabove – whose negligent, reckless, wanton, or otherwise wrongful actions or failures to act caused or contributed to cause the injuries and damages suffered by the Plaintiffs as a result of the incident made the basis of this case.

DEFENDANTS.

---

## COMPLAINT

---

## PARTIES

1.     Plaintiff, JIMMY S. SHUMAKER, is an individual over the age of nineteen (19) years and a resident of Calhoun County, Alabama.

2.     Defendant UNITED NATURAL FOODS, INC. ("UNFI") is a Delaware corporation with its principal place of business in the State of Minnesota which did business by agent in Calhoun County, Alabama at all times relevant hereto.

3.     Defendant SUPERVALU, INC. ("SUPERVALU") is a Delaware corporation with its principal place of business in the State of Minnesota which did business by agent in Calhoun County, Alabama at all times relevant hereto.

2

4.     Fictitious Defendant "A" is the individual who operated, stopped, parked, and/or left unattended the powered industrial truck with its load-engaging means raised off the floor on July 27, 2020.  Upon information and belief, Fictitious Defendant "A" was an agent, servant, or employee of Defendant UNFI and/or Defendant SUPERVALU at all times relevant hereto.

5.     Fictitious Defendant "B" is the individual or individuals who or which failed to remove the powered industrial truck from the aisle where it was stopped or parked with the load-engaging mechanisms raised off the ground on July 27, 2020.  Upon information and belief, Fictitious Defendant "B" was an agent, servant, or employee of Defendant UNFI and/or Defendant SUPERVALU at all times relevant hereto.

6.     Fictitious Defendant "C" is the individual who was designated as, acting as, or responsible for acting as the "safety supervisor" on the premises when the incident made the basis of this case occurred on July 27, 2020. Upon information and belief, Fictitious Defendant "C" was an agent, servant, or employee of Defendant UNFI and/or Defendant SUPERVALU at all times relevant hereto.

7.     Fictitious Defendant "D" is the individual or individuals who was/were responsible for inspecting the premises where the incident made the basis of this case occurred on July 27, 2020. Upon information and belief, Fictitious Defendant "D" was an agent, servant, or employee of Defendant UNFI and/or Defendant SUPERVALU at all times relevant hereto.

8.     Fictitious Defendant "E" is the individual or individuals who was/were responsible for training and supervising the employees, agents, servants, or contractors in,

on, or around the premises where the incident made the basis of this case occurred.  Upon information and belief, Fictitious Defendant "E" was an agent, servant, or employee of Defendant UNFI and/or Defendant SUPERVALU at all times relevant hereto.

9.      Fictitious Defendant "F" is the person or entity who or which was the employer of Fictitious Defendants "A" through "E" on the occasion giving rise to this lawsuit.

10.      Fictitious Defendant "G" is the person or entity for whom Fictitious Defendants "A" through E", separately and severally, were performing some type of service or duty at the time of the incident made the basis of this case.

11.      Fictitious Defendant "H" is the entity that is the parent, subsidiary, affiliate, or successor-in-interest of any of the named or fictitiously described Defendants herein.

12.      Fictitious Defendant "I" is the person, firm, corporation, or entity who or which was the owner, lessor, or lessee of the premises(es) where any act, omission, or injury related to the incident made the basis of this case occurred.

13.      Fictitious Defendant "J" is the person, firm, corporation, or entity who or which controlled or had the right to control the premises(es) where any act, omission, or injury related to the incident made the basis of this case occurred and/or to control the chattel involved in this incident made the basis of this case.

14.      Fictitious Defendants "A" through "O", whether singular or plural, are those persons, firms, corporations, or other entities whose wrongful actions or failures to act caused or contributed to cause the injuries and damages to the Plaintiff, as described herein,

all of whose true and correct names are unknown to the Plaintiff at this time but will be substituted by amendment when ascertained.

## FACTUAL ALLEGATIONS

15.    Plaintiff adopts and re-alleges all prior paragraphs of this Complaint as if set forth fully herein.

16.    On July 27, 2020, Plaintiff JIMMY SHUMAKER was operating a stand-up powered industrial truck (*i.e.,* forklift) on the premises of a distribution warehouse facility located in Anniston, Alabama.

17.    Upon information and belief, the premises where the incident made the basis of this case occurred was owned and/or operated and/or controlled by Defendant UNFI and/or Defendant SUPERVALU.

18.    At the above-stated time and place, Plaintiff was not employed by Defendant UNFI and/or Defendant SUPERVALU but was performing tasks at the facility under the direction, control, and/or supervision of one or more agents, servants, or employees of Defendant UNFI and/or Defendant SUPERVALU and/or Fictitious Defendants "F-H".

19.    As Plaintiff was maneuvering his standing forklift on the distribution warehouse on the above-stated date, he sustained severe, permanent, and catastrophic injuries when one of the raised load-engaging means ("forks") on an unattended forklift impaled his right foot just behind the steel-toe area of his boot, piercing through the side of his foot and through the top of his foot.

20.     The unattended forklift was parked near or alongside a pole in a main aisle of the warehouse distribution facility with its forks facing out toward and/or into the aisle where Plaintiff was operating his forklift.

21.     Furthermore, the forks on the unattended forklift were not resting on the ground, as required when parked or left unattended, but were, instead, improperly raised off the ground when this incident occurred.

22.     There were no signs, tags, cones, or other similar devices on or around the unattended forklift to alert or warn other forklift operators that the machine was stopped in that location and/or that it was stopped with its forks raised off the ground.

23.     Fictitious Defendant "A" – who, upon information and belief, is an individual named "Brett" but whose other identifying information is unknown to the Plaintiff – had been operating the forklift prior to this incident and left it stopped and unattended with the forks raised off the ground and facing the aisle prior to the incident involving the Plaintiff.

24.     Upon information and belief, Fictitious Defendant "A" ("Brett") was an employee, agent, or servant of Defendant UNFI and/or Defendant SUPERVALU at the time of the incident made the basis of this case.

25.     Upon further information and belief, Fictitious Defendant C – the "safety supervisor" employed by Defendant UNFI and/or Defendant SUPERVALU – instructed Fictitious Defendants A ("Brett") and/or B to remove the improperly stopped and unattended forklift from the aisle and transport it to the shop for repairs prior to the accident involving the Plaintiff.

26.    The unattended forklift remained stopped with its raised forks facing the aisle despite the directive that it be removed to the shop and despite the clear and known safety hazard it presented to other persons operating forklifts in the area of the stopped machine.

27.    As a result of this incident, Plaintiff Jimmy Shumaker sustained severe physical injuries and damages, including, without limitation, a severe crush injury with open fractures of the first, second, and third metatarsal requiring multiple surgical procedures; large puncture lacerations to the side and top of his right foot; ligament and nerve damage to the right foot; permanent loss of full function and use of his right foot; permanent scarring and disfigurement of the right foot; and, severe pain and suffering, which is ongoing and which Plaintiff will continue to suffer in the future.

28.    As a further result of this incident, Plaintiff incurred additional damages, including medical bills and costs; out-of-pocket costs and expenses; lost wages; diminished earning capacity; lost enjoyment of life; and extreme mental anguish and emotional distress.

## COUNT I:
## NEGLIGENCE/RECKLESSNESS/WANTONNESS

29.    Plaintiff adopts and re-alleges all prior paragraphs of this Complaint as if set forth fully herein.

30.    On July 27, 2020, Plaintiff sustained severe, permanent, and catastrophic injuries and damages when an improperly raised load-engaging mean ("fork") on a stopped, unattended, and improperly parked powered industrial truck ("forklift") impaled Plaintiff's right foot as he lawfully operated another forklift at the distribution warehouse

premises in Calhoun County, Alabama owned and/or operated by Defendant UNFI and/or Defendant SUPERVALU.

31.     At the time and place referenced above, Fictitious Defendant "A" stopped, parked, and left unattended the subject forklift with its forks raised in the air and facing toward the aisle where Plaintiff was operating his machine.

32.     At the time and place referenced above, Fictitious Defendants "A" and/or "B" failed to move or remove the unattended forklift from the aisle where Plaintiff was operating his machine.

33.     At the time and place referenced above, Fictitious Defendants "C" and/or "D" failed to properly inspect the premises and ensure that the stopped and unattended forklift was removed from the area where the incident occurred and/or that failed to warn others in the area of the safety hazard presented by the stopped forklift and its raised forks.

34.     At all times relevant hereto, one or more Fictitious Defendants "A – D" owed the Plaintiff certain duties of care, including:

   a) The duty to follow OSHA's forklift operating rules;

   b) The duty to park forklifts in an authorized area;

   c) The duty to fully lower the load-engaging means to the ground when parking the forklift and/or leaving the forklift unattended;

   d) The duty to ensure forklifts and/or their load-engaging means were not stopped, parked, or left unattended in a manner or in an area that would impede or otherwise cause danger to other forklifts or forklift operators on the premises;

   e) The duty to inspect the premises for safety;

   f) The duty to remedy or remove any safety hazards on the premises;

8

g) The duty to warn others of the presence of safety hazards that could not immediately be remedied or removed;

h) The duty to follow, comply, and carry out any safety-related directives or instructions on the premises; and,

i) The duty to follow company operation and parking rules, procedures, and/or policies when using, storing, stopping, parking, or otherwise leaving the subject forklift unattended.

35.    One or more Fictitious Defendants "A – D" negligently, recklessly, and/or wantonly breached the duties of care owed to the Plaintiff on July 27, 2020, when he/she/they:

a) Negligently, recklessly, and/or wantonly failed to follow OSHA's forklift operating rules when stopping, parking, or otherwise leaving the subject fork unattended;

b) Negligently, wantonly and/or recklessly parked or left the forklift unattended in an unauthorized area;

c) Negligently, recklessly, and/or wantonly parked or stopped the subject forklift in the improper direction, such that the forklift's load-engaging means were caused or allowed to block, obstruct, or interfere with the path of travel of the forklift being operated by the Plaintiff;

d) Negligently, recklessly, and/or wantonly failed to fully lower the subject forklift's load-engaging means to the floor before parking or leaving the forklift unattended;

e) Negligently, recklessly, and/or wantonly failed to inspect the premises for safety hazards, including the presence of a stopped and unattended forklift with its forks raised off the ground and facing the aisle where other workers were operating;

f) Negligently, recklessly, and/or wantonly failed to remove the forklift from the aisle;

g) Negligently, recklessly, and/or wantonly failed to warn others operators on the premises of the presence of the stopped and unattended forklift with its forks raised off the ground;

9

h) Negligently, recklessly, and/or wantonly failed to follow, comply, and/or carry out directives to remove the stopped forklift from the aisle;

i) Negligently, recklessly, and/or wantonly failed to follow company rules, regulations, procedures, and/or policies regarding the use and operation of forklifts on the premises.

36.     The above-described negligence, recklessness, and/or wantonness of one or more Fictitious Defendants "A – D" caused or allowed one of the improperly raised forks on the stopped and unattended forklift to pierce and impale Plaintiff's foot as he operated his standing forklift on the premises owned, operated by, and/or under the control of Defendant UNFI and/or Defendant SUPERVALU on July 27, 2020.

37.     As a proximate result of the above-described negligence, recklessness, and/or wantonness of one or more Fictitious Defendants "A – D," Plaintiff was caused to suffer severe, substantial, catastrophic, and permanent injuries and damages, including, without limitation:

a) Severe physical injury to his body, including, large puncture wounds, crushed/fractured bones, and damage to cartilage, ligaments, and nerves in his right foot requiring Plaintiff to endure hospitalization, multiple surgeries, and lengthy and ongoing medical care;

b) Permanent scarring and disfigurement;

c) Permanent limitation and loss of function and use of his foot;

d) Substantial and severe pain and suffering, which Plaintiff has suffered and will continue to suffer in the future;

e) Substantial medical bills, costs, and expenses, which Plaintiff will continue to incur in the future;

f) Out-of-pocket costs and expenses, which Plaintiff has incurred and will continue to incur in the future;

g) Lost wages;

h) Lost or diminished future earnings and earning capacity;

i) Lost or diminished enjoyment of life; and,

j) Severe mental anguish and emotional distress, which Plaintiff has suffered and will continue to suffer in the future.

38.     Upon information and belief, Fictitious Defendants "A – D," separately and severally, were agents, servants, and/or employees of Defendant UNFI and/or Defendant SUPERVALU, and were acting within the line and scope of said agency, service and/or employment at all times relevant hereto, such that Defendants UNFI and/or SUPERVALU are vicariously liable, jointly and severally, for the negligent, reckless, and/or wanton actions or failures to act on the part of one or more Fictitious Defendants "A – D" on the date of the incident giving rise to this case.

39.     The negligence, recklessness, and/or wantonness of Fictitious Defendants "A – D" combined and concurred with the negligence, recklessness, wantonness, or otherwise wrongful actions of all other named and fictitious Defendants, causing Plaintiff to suffer substantial, severe, and permanent injuries and damages as a direct and proximate result.

40.     Plaintiff demands punitive damages of the named and fictitious Defendants, jointly and severally, for said Defendants' respective wanton conduct.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against all named and fictitious Defendants, jointly and severally, for compensatory and punitive damages, to be determined by a struck jury, plus interest and costs.

## COUNT II:
## NEGLIGENT/WANTON TRAINING & SUPERVISION

41.     Plaintiff adopts and re-alleges all prior paragraphs of this Complaint, as if set forth fully herein.

42.     On July 27, 2020, Plaintiff sustained severe, permanent, and catastrophic injuries and damages when an improperly raised load-engaging mean ("fork") on a stopped, unattended, and improperly parked powered industrial truck ("forklift") impaled Plaintiff's right foot as he lawfully operated another forklift at the distribution warehouse premises in Calhoun County, Alabama owned and/or operated by Defendant UNFI and/or Defendant SUPERVALU.

43.     On the occasion set forth above, Fictitious Defendant "A" was responsible for and/or did operate, stop, park, leave unattended, and/or fail to lower the load-engaging means of the forklift involved in the incident made the basis of this case.

44.     Further, Fictitious Defendants "A" and/or "B" failed to move or remove the stopped and unattended forklift from the aisle where Plaintiff was operating his forklift on the date of this incident.

45.     On the occasion set forth above, Fictitious Defendants "C" and/or "D" were responsible for inspecting the premises and/or ensuring that the premises was free from safety hazards or dangers to other persons working on the premises.

12

46.     Upon information and belief, Fictitious Defendants "C" and/or "D" failed to properly inspect the premises and/or failed to ensure that the stopped forklift was removed from the area where the incident occurred and/or failed to warn others of the presence of the stopped forklift until it could be removed from the area where the Plaintiff was operating his own forklift on the date of this incident.

47.     Fictitious Defendant "E" was responsible for training and supervising the employees, agents, servants, or contractors of Defendant UNFI and/or Defendant SUPERVALU who were working in, on, or around the premises where the incident made the basis of this case occurred.

48.     Fictitious Defendants "A – E" were agents, servants, and/or employees of Defendant UNFI and/or Defendant SUPERVALU at the time of the incident made the basis of this case.

49.     Additionally, or in the alternative, Fictitious Defendants "A – E" were acting under the express or implied direction, permission, or consent of Defendant UNFI and/or Defendant SUPERVALU at all times relevant hereto.

50.     Defendant UNFI and/or Defendant SUPERVALU negligently and/or wantonly failed to train, supervise, and/or monitor the operation and use of forklifts by its agents, servants, and/or employees, including Fictitious Defendants "A – D".

51.     Additionally, Defendant UNFI and/or Defendant SUPERVALU, by and through Fictitious Defendant "E", improperly trained and supervised agents, servants, or employees of Defendant UNFI and/or Defendant SUPERVALU in the proper and safe use,

13

operation, parking, or removal of forklifts being operated on the premises at all times relevant hereto.

52.     Moreover, Defendant UNFI and/or Defendant SUPERVALU negligently, recklessly, and/or wantonly failed to detect, deter, or prevent the negligent, reckless, wanton, or otherwise wrongful actions of agents, servants, or employees operating forklifts on the premises – including Fictitious Defendants "A – D" – at all times relevant hereto.

53.     As a direct and proximate result of the negligence, recklessness, and/or wantonness of Defendant UNFI and/or Defendant SUPERVALU, Plaintiff was caused to suffer severe, substantial, catastrophic, and permanent injuries and damages, including, without limitation:

a)  Severe physical injury to his body, including, large puncture wounds, crushed/fractured bones, and damage to cartilage, ligaments, and nerves in his right foot requiring Plaintiff to endure hospitalization, multiple surgeries, and lengthy and ongoing medical care;

b)  Permanent scarring and disfigurement;

c)  Permanent limitation and loss of function and use of his foot;

d)  Substantial and severe pain and suffering, which Plaintiff has suffered and will continue to suffer in the future;

e)  Substantial medical bills, costs, and expenses, which Plaintiff will continue to incur in the future;

f)  Out-of-pocket costs and expenses, which Plaintiff has incurred and will continue to incur in the future;

g) Lost wages;

h) Lost or diminished future earnings and earning capacity;

i) Lost or diminished enjoyment of life; and,

j) Severe mental anguish and emotional distress, which Plaintiff has suffered and will continue to suffer in the future

54.     Defendant UNFI and/or Defendant SUPERVALU's negligent, reckless, and/or wanton failure to properly train and supervise its agents, servants, and/or employees, including Fictitious Defendants "A – E," combined and concurred with the negligence, recklessness, wantonness, or otherwise wrongful conduct of all other named and fictitious Defendants, causing Plaintiff to suffer severe, permanent, and catastrophic injuries and damages as a direct and proximate result.

55.     Plaintiff demands punitive damages of all named and fictitious Defendants, jointly and severally, for said Defendants' respective wanton conduct.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against all named and fictitious Defendants, jointly and severally, for compensatory and punitive damages, to be determined by a struck jury, plus interest and costs.

## COUNT III:
## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

56.     Plaintiff adopts and re-alleges all prior paragraphs of this Complaint, as if set forth fully herein.

57.     On July 27, 2020, Plaintiff sustained severe, permanent, and catastrophic injuries and damages when an improperly raised load-engaging mean ("fork") on a

stopped, unattended, and improperly parked powered industrial truck ("forklift") impaled Plaintiff's right foot as he lawfully operated another forklift at the distribution warehouse premises in Calhoun County, Alabama owned and/or operated by Defendant UNFI and/or Defendant SUPERVALU.

58.    On the occasion set forth above, Fictitious Defendant "A" was responsible for and/or did operate, stop, park, leave unattended, and/or fail to lower the load-engaging means of the forklift involved in the incident made the basis of this case.

59.    Further, Fictitious Defendants "A" and/or "B" failed to move or remove the stopped and unattended forklift from the aisle where Plaintiff was operating his forklift on the date of this incident.

60.    On the occasion set forth above, Fictitious Defendants "C" and/or "D" were responsible for inspecting the premises and/or ensuring that the premises was free from safety hazards or dangers to other persons working on the premises.

61.    Upon information and belief, Fictitious Defendants "C" and/or "D" failed to properly inspect the premises and/or failed to ensure that the stopped forklift was removed from the area where the incident occurred and/or failed to warn others of the presence of the stopped forklift until it could be removed from the area where the Plaintiff was operating his own forklift on the date of this incident.

62.    At the aforesaid time and place, Fictitious Defendants "A – D" were acting within the line and scope of his/her/their agency, service, and/or employment with Defendant UNFI and/or Defendant SUPERVALU.

63.    Alternatively, Fictitious Defendants "A – D" were acting with express, implied, and/or apparent authority of Defendant UNFI and/or Defendant SUPERVALU, such that Defendant UNFI and/or Defendant SUPERVALU are vicariously liable for the negligent, reckless, wanton, or otherwise wrongful actions and/or failures to act on the part of Fictitious Defendants "A – D" on the occasion made the basis of this lawsuit.

64.    As a direct and proximate result of the negligent, wanton, reckless, or otherwise wrongful actions or failures to act by Defendant UNFI and/or Defendant SUPERVALU, by and through said Defendants' respective agents, servants, and/or employees, Plaintiff was caused to suffer severe, substantial, catastrophic, and permanent injuries and damages, including, without limitation:

a) Severe physical injury to his body, including, large puncture wounds, crushed/fractured bones, and damage to cartilage, ligaments, and nerves in his right foot requiring Plaintiff to endure hospitalization, multiple surgeries, and lengthy and ongoing medical care;

b) Permanent scarring and disfigurement;

c) Permanent limitation and loss of function and use of his foot;

d) Substantial and severe pain and suffering, which Plaintiff has suffered and will continue to suffer in the future;

e) Substantial medical bills, costs, and expenses, which Plaintiff will continue to incur in the future;

f) Out-of-pocket costs and expenses, which Plaintiff has incurred and will continue to incur in the future;

g) Lost wages;

h) Lost or diminished future earnings and earning capacity;

i) Lost or diminished enjoyment of life; and,

j) Severe mental anguish and emotional distress, which Plaintiff has suffered and will continue to suffer in the future.

65. The negligence, recklessness, wantonness, or otherwise wrongful actions or failures to act by Defendant UNFI and/or Defendant SUPERVALU, combined and concurred with the negligence, recklessness, wantonness, or otherwise wrongful conduct of all other named and fictitious Defendants, causing Plaintiff to suffer severe, permanent, and catastrophic injuries and damages as a direct and proximate result.

66. Plaintiff demands punitive damages of all named and fictitious Defendants, jointly and severally, for said Defendants' respective wanton conduct.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against all named and fictitious Defendants, jointly and severally, for compensatory and punitive damages, to be determined by a struck jury, plus interest and costs.

## COUNT IV:
## FICTITIOUS PARTIES

67. Plaintiff adopts and re-alleges each and every material averment of Counts I - III of this Complaint as if fully set out herein, with the exception that Plaintiff substitutes the words "Fictitious Defendants A – O" for the named Defendants therein.

68. Plaintiff avers that the negligent, reckless, and/or wanton conduct of Fictitious Defendants "A – O" combined and concurred with the negligent, reckless, and/or

wanton conduct of the named Defendants to proximately cause the Plaintiff's injuries and damages, as set forth in Counts I-III above.

69.     Plaintiff demands punitive damages of all named and fictitious Defendants, jointly and severally, for said Defendants' respective wanton conduct.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against all named and fictitious Defendants, jointly and severally, for compensatory and punitive damages, to be determined by a struck jury, plus interest and costs.

## JURY DEMAND

**PLAINTIFF DEMANDS A STRUCK JURY FOR THE TRIAL OF THIS CAUSE**

Respectfully submitted,

*/s/   Victoria L. Dye*
Victoria L. Dye (DYE010)
Erby J. Fischer (FIS010)
**MORGAN & MORGAN BIRMINGHAM, PLLC**
2317 Third Avenue North, Suite 102
Birmingham, Alabama 35203
T: (659) 204-6363
F: (659) 204-6388
vdye@forthepeople.com
efischer@forthepeople.com

COUNSEL FOR THE PLAINTIFF

## DEFENDANTS' ADDRESSES FOR SERVICE OF PROCESS:

UNITED NATURAL FOODS, INC.
Registered Agent: CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

SUPERVALU, INC.
Registered Agent: CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

ELECTRONICALLY FILED
6/6/2022 10:00 PM
11-CV-2022-900252.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | | |
|---|---|---|
| **JIMMY S. SHUMAKER,** an individual, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| **vs.** | ) | Civil Action No.: _____ |
| | ) | |
| **UNITED NATURAL FOODS, INC.;** and | ) | |
| **SUPERVALU, INC.,** *et al.,* | ) | |
| | ) | |
| DEFENDANTS. | | |

### PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT, UNITED NATURAL FOODS, INC.

COMES NOW the Plaintiff, JIMMY S. SHUMAKER, and requests that Defendant UNITED NATURAL FOODS, INC. ("UNFI") answer the following Requests for Admission within the time limits provided by the Alabama Rules of Civil Procedure. In responding to the Request for Admissions set forth herein, you are reminded of your obligations under Rule 36 of the Alabama Rules of Civil Procedure, including your obligation to specifically state the grounds for any objection raised to a particular request.

### FIRST REQUESTS FOR ADMISSION

1.      Admit or deny that this Defendant's business operations in the State of Alabama are subject to the jurisdiction of the United States Department of Labor's Occupational Safety and Health Administration ("OSHA").

**RESPONSE:**

2.      Admit or deny that the incident made the basis of this case resulted in a work-related hospitalization of the Plaintiff.

**RESPONSE:**

3.      Admit or deny that this Defendant was required to report the July 20, 2020 incident to OSHA pursuant to OSHA's mandatory reporting rules for work-related incidents involving "severe injury."

**RESPONSE:**

4.      Admit or deny you did not report this July 27, 2020 incident to OSHA.

**RESPONSE:**

5.      Admit or deny that other forklift accidents have occurred at the Anniston, Alabama premises in the five (5) years preceding the July 20, 2020 incident made the basis of this case.

**RESPONSE:**

6.      Admit or deny that the load-engaging means (*i.e.,* forks) on a powered industrial truck must be lowered to the ground when the machine is parked or left unattended.

**RESPONSE:**

Respectfully submitted,

*/s/   Victoria L. Dye*
Victoria L. Dye (DYE010)
Erby J. Fischer (FIS010)
**MORGAN & MORGAN BIRMINGHAM, PLLC**
2317 Third Avenue North, Suite 102
Birmingham, Alabama 35203
T: (659) 204-6363
F: (659) 204-6388
vdye@forthepeople.com
efischer@forthepeople.com
COUNSEL FOR THE PLAINTIFF

**DEFENDANTS' ADDRESSES FOR SERVICE OF PROCESS:**

UNITED NATURAL FOODS, INC.
Registered Agent: CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

SUPERVALU, INC.
Registered Agent: CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

3

ELECTRONICALLY FILED
6/6/2022 10:00 PM
11-CV-2022-900252.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

# IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | | |
|---|---|---|
| **JIMMY S. SHUMAKER,** an individual, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| **vs.** | ) | Civil Action No.: _____ |
| | ) | |
| **UNITED NATURAL FOODS, INC.;** and | ) | |
| **SUPERVALU, INC.,** *et al.,* | ) | |
| | ) | |
| DEFENDANTS. | | |

---

## PLAINTIFF'S FIRST INTERROGATORIES
## TO UNITED NATURAL FOODS, INC.

---

COMES NOW the Plaintiff, JIMMY S. SHUMAKER, and requests that Defendant UNITED NATURAL FOODS, INC. ("UNFI") answer the following Interrogatories within the time limits provided by the Alabama Rules of Civil Procedure:

<u>DEFINITIONS</u>

Unless otherwise indicated, the following definitions shall be applicable to these Requests:

1.     "YOU" or "YOUR" as used herein shall mean this Defendant; the Defendant's representatives; and all persons acting on behalf of this Defendant.

2.     "DOCUMENT(S)" and "RECORD(S)" as used herein are used in the broadest possible sense and shall include any written, printed, recorded, graphic, electronic, and computerized matter or sound reproductions, however produced or reproduced, of any kind, including, but not limited to, the original or any copy of correspondence, letters, interoffice memoranda, interoffice directives, telephone conference memoranda, records

memoranda, data, notes, printouts, communications, messages, emails, minutes, reports, schedules, tables, graphs, charts, books, pamphlets, accounts, vouchers, bills, invoices, statements, journals, ledgers, checks, contracts, agreements, orders, diaries, films, film strips, magnetic or other recorded tapes, computerized data and any other instruments and documents to which the responding party or entity has or has access to and/or which are in the possession, care, custody, or control of the responding party or entity. This definition includes all preliminary versions of documents or records, all copies of documents, all marginal or other notes on documents or copies thereof, all file folders, and all labels or markings indicating the manner in which the documents have been maintained, with the exception of anything designated or deemed attorney work product and/or covered under the attorney-client privilege. Further, in preparing your responses hereto, please do not overlook or exclude reference to or, where required, production of, electronic or other computerized data. Where material responsive to these requests exists in electronic form, it should be produced in its electronic form along with any hardware and/or software necessary to fully extract and utilize the data and information.

3.     "PERSON," as used herein, means an individual, corporation, partnership, joint venture, group, association, body politic, governmental agency or unit, or any other organization.

4.     Requests to "IDENTIFY A PERSON," or equivalent language, means to state his/her name, last known address, job title or position, and the name and address of his/her employer.

5.      Requests to "IDENTIFY A DOCUMENT" or equivalent language means to state with respect thereto:

      a)     The identity of the person who prepared it;

      b)     The identity of the person who signed it or over whose signature or direction it was issued;

      c)     The identity of each person to whom it was addressed or distributed;

      d)     The nature or substance of the document with sufficient particularity to enable it to be identified;

      e)     Its date and, if it bears no date, the date when it was prepared; and

      f)     The physical location of it and the names of its custodian or custodians.

6.      "RELATE(ING) TO", "PERTAIN(ING) TO", "REGARDING" or "EVIDENCING" as used herein means and includes referring to, commenting on, in connection with, leading to, dealing with, evidencing, discussing, covering, representing or mentioning, in any way whatsoever, directly or indirectly the requested information or thing.

7.      "OR" as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by "or." Rather, whenever applicable, "or" should be read as having the same meaning as the word "and."

## FIRST INTERROGATORIES TO DEFENDANT UNFI

1.      Identify by full name, address, and job title every person answering these discovery requests and/or supplying information used in answering these requests for or on behalf of Defendant UNFI.

**RESPONSE:**

2.      For each policy of insurance (including excess insurance) that insured this Defendant – and any agent(s), servant(s), or employee(s) of this Defendant – against the risks or losses claimed in this lawsuit, state for each the name of the insurer, the name of the primary and additional insureds, and the limits of coverage for each.

**RESPONSE:**

3.      Identify the make, model, and manufacturer of the forklift involved in the incident made the basis of this case.

**RESPONSE:**

4.      Identify the owner of the forklift involved in the incident made the basis of this case and state the date the forklift was purchased or acquired by said owner.

**RESPONSE:**

5.      Identify the owner of the premsies where the incident made the basis of this case occurred.

**RESPONSE:**

6.      State the full name, employer, and job title of the person or persons who were responsible for and/or acting as Plaintiff's supervisor on the premises where the incident occurred on July 27, 2020.

**RESPONSE:**

7.     List the full name, employer, and job title of every supervisor, director, manager, or all other persons with supervisory or managerial authority who were present at the Anniston, Alabama premises when the incident made the basis of this case occurred.

**RESPONSE:**

8.     State the full name, employer, and job title of every person who witnessed all of and/or any part of the incident made the basis of this case.

**RESPONSE:**

9.     State the full name and employer of the safety supervisor on duty at the time of the incident made the basis of this case.

**RESPONSE:**

10.     State the full name, employer, and job title of the person who stopped, parked, or left unattended the powered industrial truck involved in the incident made the basis of this case.

**RESPONSE:**

11.     State the name of the full name(s), employer(s), and job title(s) of the person(s) who was/were instructed, directed, or asked prior to this incident to move the powered industrial truck from the area where it was located when the incident involving the Plaintiff occurred.

**RESPONSE:**

12.     State this Defendant's policy or procedure for handling powered industrial units that malfunction or become disabled.

5

**RESPONSE:**

13.     State this Defendant's policy or procedure for reporting workplace accidents involving serious injuries, including the method of making any such report; the job title of the person(s) responsible for making the report; the person, entity, or governmental body to whom such reports are made; whether a copy of the report is transmitted to any person or department within this Defendant's organization; whether a copy of the report is saved; and the location where those reports are saved.

**RESPONSE:**

14.     State in detail this Defendant's understanding of how the incident made the basis of this case occurred.

**REPSONSE:**

15.     Do you contend that the Plaintiff is responsible, in whole or in part, for the incident made the basis of this case?  If so, explain why you contend Plaintiff was responsible for the incident and state every basis upon which you reply in making this contention.

**RESPONSE:**

16.     Do you contend that any person other than the Plaintiff is responsible, in whole or in part, for the incident made the basis of this case?  If so, explain why you contend Plaintiff was responsible for the incident and state every basis upon which you reply in making this contention.

**RESPONSE:**

17.     Do you contend that any person failed to comply in any way with this Defendant's rules, regulations, policies, or procedures on the date of the incident made the basis of this case?  If so, please identify each such rule, regulation, policy, or procedure that was violated and the way each was violated.

**RESPONSE:**

18.     State the number of incidents involving forklift-related injuries occurring on the Anniston, Alabama premises in the ten (10) years prior to the July 27, 2020 incident. involving the Plaintiff or incidents occurring at the premises where the incident made the basis of this case occurred.

**RESPONSE:**

19.     Has this Defendant ever been named as a party in any other lawsuits involving claims arising from injuries caused by a forklift? If so, please provide the case style and court where each such case was filed.

**RESPONSE:**

20.     List the names and addresses of all persons who are believed or known by you, your agents or your attorneys to have any knowledge concerning any of the issues in this lawsuit and specify the subject matter about which all such persons have knowledge.

**RESPONSE:**

21.     Identify the name, job title, employer, and address of every person who conducted an investigation of any kind into the incident made the basis of this case, including, but not limited to, any person(s) who conducted any interviews or obtained any statements from any person regarding the incident, vehicles, parties, or materials involved

in the incident, as well as any person(s) who conducted an inspection or created photos or videos of any vehicle(s), materials, location(s), or persons involved in the incident in any way.

**RESPONSE:**

22.     State the name and address of each expert witness that you expect to call as an expert witness at the trial of this case and state the subject matter on which said expert(s) are expected to testify, the substance of the facts and opinions to which each expert is expected to testify, and a summary of the grounds for each opinion expected to be offered in this case.

**RESPONSE:**

Respectfully submitted,

/s/   *Victoria L. Dye*
Victoria L. Dye (DYE010)
Erby J. Fischer (FIS010)
**MORGAN & MORGAN BIRMINGHAM, PLLC**
2317 Third Avenue North, Suite 102
Birmingham, Alabama 35203
T: (659) 204-6363
F: (659) 204-6388
vdye@forthepeople.com
efischer@forthepeople.com
COUNSEL FOR THE PLAINTIFF

**DEFENDANTS' ADDRESSES FOR SERVICE OF PROCESS:**

UNITED NATURAL FOODS, INC.
Registered Agent: CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

SUPERVALU, INC.
Registered Agent: CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

ELECTRONICALLY FILED
6/6/2022 10:00 PM
11-CV-2022-900252.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | | |
|---|---|---|
| **JIMMY S. SHUMAKER,** an individual, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| **vs.** | ) | Civil Action No.: _____ |
| | ) | |
| **UNITED NATURAL FOODS, INC.;** and | ) | |
| **SUPERVALU, INC.,** *et al.,* | ) | |
| | ) | |
| DEFENDANTS. | | |

---

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO UNITED NATURAL FOODS, INC.

---

COMES NOW the Plaintiff, JIMMY S. SHUMAKER, and requests that Defendant UNITED NATURAL FOODS, INC. ("UNFI") answer the following Requests for Production of Documents and Things within the time limits provided by the Alabama Rules of Civil Procedure:

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these Requests:

1.    "YOU" or "YOUR" as used herein shall mean this Defendant; the Defendant's representatives; and all persons acting on behalf of this Defendant.

2.    "DOCUMENT(S)" and "RECORD(S)" as used herein are used in the broadest possible sense and shall include any written, printed, recorded, graphic, electronic, and computerized matter or sound reproductions, however produced or reproduced, of any kind, including, but not limited to, the original or any copy of correspondence, letters,

interoffice memoranda, interoffice directives, telephone conference memoranda, records memoranda, data, notes, printouts, communications, messages, emails, minutes, reports, schedules, tables, graphs, charts, books, pamphlets, accounts, vouchers, bills, invoices, statements, journals, ledgers, checks, contracts, agreements, orders, diaries, films, film strips, magnetic or other recorded tapes, computerized data and any other instruments and documents to which the responding party or entity has or has access to and/or which are in the possession, care, custody, or control of the responding party or entity.  This definition includes all preliminary versions of documents or records, all copies of documents, all marginal or other notes on documents or copies thereof, all file folders, and all labels or markings indicating the manner in which the documents have been maintained, with the exception of anything designated or deemed attorney work product and/or covered under the attorney-client privilege. Further, in preparing your responses hereto, please do not overlook or exclude reference to or, where required, production of, electronic or other computerized data.  Where material responsive to these requests exists in electronic form, it should be produced in its electronic form along with any hardware and/or software necessary to fully extract and utilize the data and information.

3.      "PERSON," as used herein, means an individual, corporation, partnership, joint venture, group, association, body politic, governmental agency or unit, or any other organization.

4.      Requests to "IDENTIFY A PERSON," or equivalent language, means to state his/her name, last known address, job title or position, and the name and address of his/her employer.

2

5.      Requests to "IDENTIFY A DOCUMENT" or equivalent language means to state with respect thereto:

a)      The identity of the person who prepared it;
b)      The identity of the person who signed it or over whose signature or direction it was issued;
c)      The identity of each person to whom it was addressed or distributed;
d)      The nature or substance of the document with sufficient particularity to enable it to be identified;
e)      Its date and, if it bears no date, the date when it was prepared; and
f)      The physical location of it and the names of its custodian or custodians.

6.      "RELATE(ING) TO", "PERTAIN(ING) TO", "REGARDING" or "EVIDENCING" as used herein means and includes referring to, commenting on, in connection with, leading to, dealing with, evidencing, discussing, covering, representing or mentioning, in any way whatsoever, directly or indirectly the requested item or thing.

7.      "OR" as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by "or." Rather, whenever applicable, "or" should be read as having the same meaning as the word "and."

## FIRST REQUESTS FOR PRODUCTION TO DEFENDANT UNFI

YOU ARE HEREBY REQUESTED to produce true and correct copies of the following items and things:

1.      Every policy of insurance – including all primary and excess policies and the Declarations Page(s) for each – that affords this Defendant or its employees, agents, or servants any coverage for the incident made the basis of this case and the claims and damages asserted in this lawsuit.

3

**RESPONSE:**

2.     Complete copies of any notes, reports, correspondence, warnings, or other similar documents in any way referencing, reflecting, discussing, or relating to inspections of the Anniston, Alabama facility where the incident in this case occurred, or any equipment on the premises, conducted by any local, state, or federal entity or agency in the ten (10) years immediately preceding the July 27, 2020 incident made the basis of this case.

**RESPONSE:**

3.     Complete copies of any notes, reports, correspondence, warnings, or other similar documents in any way referencing, reflecting, discussing, or relating to inspections of the Anniston, Alabama facility where the incident in this case occurred, or any equipment on the premises, conducted by any local, state, or federal entity or agency on July 27, 2020 or in the fourteen (14) days immediately preceding the date of the incident made the basis of this case.

**RESPONSE:**

4.     All documents reflecting ownership of the forklift involved in the incident made the basis of this case.

**RESPONSE:**

5.     All inspection and repair records for the forklift involved in the incident made the basis of this case from the time period six (6) weeks prior to the July 27, 2020 incident through six (6) weeks after said incident.

**RESPONSE:**

6.     A complete copy of all OSHA-required training program materials, including safety training, that in any way reference, relate to, or discuss the use and operation of powered industrial trucks.

**RESPONSE:**

7.     A complete copy of all company-specific powered industrial truck training and/or safety program materials of any kind produced by this Defendant, utilized by this Defendant, and/or provided by this Defendant to persons operating powered industrial trucks on premises owned and/or operated and/or leased by this Defendant.

**RESPONSE:**

8.     A complete copy of all policies, procedures, guidelines, instructions, or other similar documents or things – other than those already addressed in the preceding Requests – produced by, utilized by, and/or provided to agents, servants, employees, or anyone operating powered industrial trucks on company premises and/or for the use and benefit of the company, that in any way reference, relate, to, or discuss the following:

       a.  Handling, operation, and use of powered industrial trucks;

       b.  Stopping, parking, and storing powered industrial trucks;

       c.  Procedures for handling disabled powered industrial trucks.

**RESPONSE:**

9.     A complete copy of all handbooks, policies, procedures, rules, regulations, guidelines, instructions, or other similar documents or things, however named, provided to the on-site "safety supervisor" or other similar person(s) responsible for overseeing, inspecting, monitoring, directing, and addressing workplace safety.

**RESPONSE:**

10.    All photographs of premises and location where the incident made the basis of this case occurred.

**RESPONSE:**

11.    All photographs of the forklift (or any component part thereof) involved in the incident made the basis of this case.

**RESPONSE:**

12.    All audio and video footage (including security footage, cell phone video footage, or any other kind of video recording) capturing all or any part of the incident involving the Plaintiff giving rise to this case.

**RESPONSE:**

13.    All documents of any kind that reference, relate to, or demonstrate any correspondence, communication, requests, directives, or instructions related to the forklift involved in this case in the 24-hour period leading up to (and including) the incident giving rise to this case.

**RESPONSE:**

14.    Any safety-related warnings, reprimands, notices, reminders, memos, or correspondence or communication of any kind relating to, regarding, or in any way referencing use, operation, stopping, parking, or storage of forklifts in the Anniston, Alabama facility in the six (6) months leading up to (and including) the date of the incident made the basis of this case.

**RESPONSE:**

15.     Statements of any kind (written, oral, audio, or transcribed) obtained from the Plaintiff.

**RESPONSE:**

16.     Statements of any kind (written, oral, audio, or transcribed) obtained from any witness to any part of the incident made the basis of this case.

**RESPONSE:**

17.     Statements of any kind (written, oral, audio, or transcribed) obtained from any other person relating, regarding, referring to, or in any way referencing the Plaintiff, the incident made the basis of this case, or the forklift involved in said incident.

**REPSONSE:**

18.     A copy of the complete investigatory materials regarding the incident made the basis of this case.

**RESPONSE:**

19.     A copy of all reports, notices, and correspondence of any kind to any local, state, or federal entity regarding the incident made the basis of this case.

**REPSONSE:**

20.     With respect to any expert witness who will provide testimony or opinions in this matter on your behalf, produce a copy of each expert witness's entire file, including but not limited to any report generated by said expert witness, all documents generated by said expert witness, all documents relied upon by the expert witness in arriving at his conclusions, correspondence, measurements, calculations, notes, etc.

**RESPONSE:**

21.     All documents, items, or things which this Defendant intends to use as an exhibit or demonstrative aid or offer into evidence at the trial of this case.

**RESPONSE:**

22.     A copy of all documents obtained by subpoena in this matter.

**RESPONSE:**

Respectfully submitted,

*/s/   Victoria L. Dye*
Victoria L. Dye (DYE010)
Erby J. Fischer (FIS010)
**MORGAN & MORGAN BIRMINGHAM, PLLC**
2317 Third Avenue North, Suite 102
Birmingham, Alabama 35203
T: (659) 204-6363
F: (659) 204-6388
vdye@forthepeople.com
efischer@forthepeople.com
COUNSEL FOR THE PLAINTIFF

## **DEFENDANTS' ADDRESSES FOR SERVICE OF PROCESS:**

UNITED NATURAL FOODS, INC.
Registered Agent: CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

SUPERVALU, INC.
Registered Agent: CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

ELECTRONICALLY FILED
6/6/2022 10:00 PM
11-CV-2022-900252.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | | |
|---|---|---|
| **JIMMY S. SHUMAKER,** an individual, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| **vs.** | ) | Civil Action No.: _____ |
| | ) | |
| **UNITED NATURAL FOODS, INC.;** and | ) | |
| **SUPERVALU, INC.,** *et al.,* | ) | |
| | ) | |
| DEFENDANTS. | ) | |

---

### PLAINTIFF'S FIRST INTERROGATORIES
### TO SUPERVALU, INC.

---

COMES NOW the Plaintiff, JIMMY S. SHUMAKER, and requests that Defendant

SUPERVALU, INC. answer the following Interrogatories within the time limits provided

by the Alabama Rules of Civil Procedure:

### DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these

Requests:

1.      "YOU" or "YOUR" as used herein shall mean this Defendant; the

Defendant's representatives; and all persons acting on behalf of this Defendant.

2.      "DOCUMENT(S)" and "RECORD(S)" as used herein are used in the

broadest possible sense and shall include any written, printed, recorded, graphic, electronic,

and computerized matter or sound reproductions, however produced or reproduced, of any

kind, including, but not limited to, the original or any copy of correspondence, letters,

interoffice memoranda, interoffice directives, telephone conference memoranda, records

memoranda, data, notes, printouts, communications, messages, emails, minutes, reports, schedules, tables, graphs, charts, books, pamphlets, accounts, vouchers, bills, invoices, statements, journals, ledgers, checks, contracts, agreements, orders, diaries, films, film strips, magnetic or other recorded tapes, computerized data and any other instruments and documents to which the responding party or entity has or has access to and/or which are in the possession, care, custody, or control of the responding party or entity.  This definition includes all preliminary versions of documents or records, all copies of documents, all marginal or other notes on documents or copies thereof, all file folders, and all labels or markings indicating the manner in which the documents have been maintained, with the exception of anything designated or deemed attorney work product and/or covered under the attorney-client privilege. Further, in preparing your responses hereto, please do not overlook or exclude reference to or, where required, production of, electronic or other computerized data.  Where material responsive to these requests exists in electronic form, it should be produced in its electronic form along with any hardware and/or software necessary to fully extract and utilize the data and information.

3.      "PERSON," as used herein, means an individual, corporation, partnership, joint venture, group, association, body politic, governmental agency or unit, or any other organization.

4.      Requests to "IDENTIFY A PERSON," or equivalent language, means to state his/her name, last known address, job title or position, and the name and address of his/her employer.

5.    Requests to "IDENTIFY A DOCUMENT" or equivalent language means to state with respect thereto:

   a)    The identity of the person who prepared it;

   b)    The identity of the person who signed it or over whose signature or direction it was issued;

   c)    The identity of each person to whom it was addressed or distributed;

   d)    The nature or substance of the document with sufficient particularity to enable it to be identified;

   e)    Its date and, if it bears no date, the date when it was prepared; and

   f)    The physical location of it and the names of its custodian or custodians.

6.    "RELATE(ING)  TO",  "PERTAIN(ING)  TO",  "REGARDING"  or "EVIDENCING" as used herein means and includes referring to, commenting on, in connection with, leading to, dealing with, evidencing, discussing, covering, representing or mentioning, in any way whatsoever, directly or indirectly the requested information or thing.

7.    "OR" as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by "or." Rather, whenever applicable, "or" should be read as having the same meaning as the word "and."

## FIRST INTERROGATORIES TO DEFENDANT SUPERVALU, INC.

1.      Identify by full name, address, and job title every person answering these discovery requests and/or supplying information used in answering these requests for or on behalf of Defendant SUPERVALU, INC.

**RESPONSE:**

2.      For each policy of insurance (including excess insurance) that insured this Defendant – and any agent(s), servant(s), or employee(s) of this Defendant – against the risks or losses claimed in this lawsuit, state for each the name of the insurer, the name of the primary and additional insureds, and the limits of coverage for each.

**RESPONSE:**

3.      Identify the make, model, and manufacturer of the forklift involved in the incident made the basis of this case.

**RESPONSE:**

4.      Identify the owner of the forklift involved in the incident made the basis of this case and state the date the forklift was purchased or acquired by said owner.

**RESPONSE:**

5.      Identify the owner of the premsies where the incident made the basis of this case occurred.

**RESPONSE:**

6.      State the full name, employer, and job title of the person or persons who were responsible for and/or acting as Plaintiff's supervisor on the premises where the incident occurred on July 27, 2020.

**RESPONSE:**

     7.     List the full name, employer, and job title of every supervisor, director, manager, or all other persons with supervisory or managerial authority who were present at the Anniston, Alabama premises when the incident made the basis of this case occurred.

**RESPONSE:**

     8.     State the full name, employer, and job title of every person who witnessed all of and/or any part of the incident made the basis of this case.

**RESPONSE:**

     9.     State the full name and employer of the safety supervisor on duty at the time of the incident made the basis of this case.

**RESPONSE:**

     10.     State the full name, employer, and job title of the person who stopped, parked, or left unattended the powered industrial truck involved in the incident made the basis of this case.

**RESPONSE:**

     11.     State the name of the full name(s), employer(s), and job title(s) of the person(s) who was/were instructed, directed, or asked prior to this incident to move the powered industrial truck from the area where it was located when the incident involving the Plaintiff occurred.

**RESPONSE:**

     12.     State this Defendant's policy or procedure for handling powered industrial units that malfunction or become disabled.

**RESPONSE:**

13.    State this Defendant's policy or procedure for reporting workplace accidents involving serious injuries, including the method of making any such report; the job title of the person(s) responsible for making the report; the person, entity, or governmental body to whom such reports are made; whether a copy of the report is transmitted to any person or department within this Defendant's organization; whether a copy of the report is saved; and the location where those reports are saved.

**RESPONSE:**

14.    State in detail this Defendant's understanding of how the incident made the basis of this case occurred.

**REPSONSE:**

15.    Do you contend that the Plaintiff is responsible, in whole or in part, for the incident made the basis of this case?  If so, explain why you contend Plaintiff was responsible for the incident and state every basis upon which you reply in making this contention.

**RESPONSE:**

16.    Do you contend that any person other than the Plaintiff is responsible, in whole or in part, for the incident made the basis of this case?  If so, explain why you contend Plaintiff was responsible for the incident and state every basis upon which you reply in making this contention.

**RESPONSE:**

17.    Do you contend that any person failed to comply in any way with this Defendant's rules, regulations, policies, or procedures on the date of the incident made the basis of this case?  If so, please identify each such rule, regulation, policy, or procedure that was violated and the way each was violated.

**RESPONSE:**

18.    State the number of incidents involving forklift-related injuries occurring on the Anniston, Alabama premises in the ten (10) years prior to the July 27, 2020 incident. involving the Plaintiff or incidents occurring at the premises where the incident made the basis of this case occurred.

**RESPONSE:**

19.    Has this Defendant ever been named as a party in any other lawsuits involving claims arising from injuries caused by a forklift? If so, please provide the case style and court where each such case was filed.

**RESPONSE:**

20.    List the names and addresses of all persons who are believed or known by you, your agents or your attorneys to have any knowledge concerning any of the issues in this lawsuit and specify the subject matter about which all such persons have knowledge.

**RESPONSE:**

21.    Identify the name, job title, employer, and address of every person who conducted an investigation of any kind into the incident made the basis of this case, including, but not limited to, any person(s) who conducted any interviews or obtained any statements from any person regarding the incident, vehicles, parties, or materials involved

in the incident, as well as any person(s) who conducted an inspection or created photos or videos of any vehicle(s), materials, location(s), or persons involved in the incident in any way.

**RESPONSE:**

22.    State the name and address of each expert witness that you expect to call as an expert witness at the trial of this case and state the subject matter on which said expert(s) are expected to testify, the substance of the facts and opinions to which each expert is expected to testify, and a summary of the grounds for each opinion expected to be offered in this case.

**RESPONSE:**

Respectfully submitted,

/s/   *Victoria L. Dye*
Victoria L. Dye (DYE010)
Erby J. Fischer (FIS010)
**MORGAN & MORGAN BIRMINGHAM, PLLC**
2317 Third Avenue North, Suite 102
Birmingham, Alabama 35203
T: (659) 204-6363
F: (659) 204-6388
vdye@forthepeople.com
efischer@forthepeople.com
COUNSEL FOR THE PLAINTIFF

**DEFENDANTS' ADDRESSES FOR SERVICE OF PROCESS:**

UNITED NATURAL FOODS, INC.
Registered Agent: CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

SUPERVALU, INC.
Registered Agent: CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

ELECTRONICALLY FILED
6/6/2022 10:00 PM
11-CV-2022-900252.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| **JIMMY S. SHUMAKER,** an individual,    ) | |
| ) | |
| PLAINTIFF,    ) | |
| ) | |
| **vs.**    ) | Civil Action No.: _____ |
| ) | |
| **UNITED NATURAL FOODS, INC.;** and    ) | |
| **SUPERVALU, INC.,** *et al.,*    ) | |
| ) | |
| DEFENDANTS.    | |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO SUPERVALU, INC.

COMES NOW the Plaintiff, JIMMY S. SHUMAKER, and requests that Defendant SUPERVALU, INC. answer the following Requests for Production of Documents and Things within the time limits provided by the Alabama Rules of Civil Procedure:

### DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these Requests:

1. "YOU" or "YOUR" as used herein shall mean this Defendant; the Defendant's representatives; and all persons acting on behalf of this Defendant.

2. "DOCUMENT(S)" and "RECORD(S)" as used herein are used in the broadest possible sense and shall include any written, printed, recorded, graphic, electronic, and computerized matter or sound reproductions, however produced or reproduced, of any kind, including, but not limited to, the original or any copy of correspondence, letters, interoffice memoranda, interoffice directives, telephone conference memoranda, records

memoranda, data, notes, printouts, communications, messages, emails, minutes, reports, schedules, tables, graphs, charts, books, pamphlets, accounts, vouchers, bills, invoices, statements, journals, ledgers, checks, contracts, agreements, orders, diaries, films, film strips, magnetic or other recorded tapes, computerized data and any other instruments and documents to which the responding party or entity has or has access to and/or which are in the possession, care, custody, or control of the responding party or entity.  This definition includes all preliminary versions of documents or records, all copies of documents, all marginal or other notes on documents or copies thereof, all file folders, and all labels or markings indicating the manner in which the documents have been maintained, with the exception of anything designated or deemed attorney work product and/or covered under the attorney-client privilege. Further, in preparing your responses hereto, please do not overlook or exclude reference to or, where required, production of, electronic or other computerized data.  Where material responsive to these requests exists in electronic form, it should be produced in its electronic form along with any hardware and/or software necessary to fully extract and utilize the data and information.

3.     "PERSON," as used herein, means an individual, corporation, partnership, joint venture, group, association, body politic, governmental agency or unit, or any other organization.

4.     Requests to "IDENTIFY A PERSON," or equivalent language, means to state his/her name, last known address, job title or position, and the name and address of his/her employer.

5.     Requests to "IDENTIFY A DOCUMENT" or equivalent language means to state with respect thereto:

      a)    The identity of the person who prepared it;
      b)    The identity of the person who signed it or over whose signature or direction it was issued;
      c)    The identity of each person to whom it was addressed or distributed;
      d)    The nature or substance of the document with sufficient particularity to enable it to be identified;
      e)    Its date and, if it bears no date, the date when it was prepared; and
      f)    The physical location of it and the names of its custodian or custodians.

6.     "RELATE(ING) TO", "PERTAIN(ING) TO", "REGARDING" or "EVIDENCING" as used herein means and includes referring to, commenting on, in connection with, leading to, dealing with, evidencing, discussing, covering, representing or mentioning, in any way whatsoever, directly or indirectly the requested item or thing.

7.     "OR" as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by "or." Rather, whenever applicable, "or" should be read as having the same meaning as the word "and."

## FIRST REQUESTS FOR PRODUCTION TO DEFENDANT SUPERVALU, INC.

YOU ARE HEREBY REQUESTED to produce true and correct copies of the following items and things:

1.     Every policy of insurance – including all primary and excess policies and the Declarations Page(s) for each – that affords this Defendant or its employees, agents, or servants any coverage for the incident made the basis of this case and the claims and damages asserted in this lawsuit.

3

**RESPONSE:**

2.      Complete copies of any notes, reports, correspondence, warnings, or other similar documents in any way referencing, reflecting, discussing, or relating to inspections of the Anniston, Alabama facility where the incident in this case occurred, or any equipment on the premises, conducted by any local, state, or federal entity or agency in the ten (10) years immediately preceding the July 27, 2020 incident made the basis of this case.

**RESPONSE:**

3.      Complete copies of any notes, reports, correspondence, warnings, or other similar documents in any way referencing, reflecting, discussing, or relating to inspections of the Anniston, Alabama facility where the incident in this case occurred, or any equipment on the premises, conducted by any local, state, or federal entity or agency on July 27, 2020 or in the fourteen (14) days immediately preceding the date of the incident made the basis of this case.

**RESPONSE:**

4.      All documents reflecting ownership of the forklift involved in the incident made the basis of this case.

**RESPONSE:**

5.      All inspection and repair records for the forklift involved in the incident made the basis of this case from the time period six (6) weeks prior to the July 27, 2020 incident through six (6) weeks after said incident.

**RESPONSE:**

4

6.     A complete copy of all OSHA-required training program materials, including safety training, that in any way reference, relate to, or discuss the use and operation of powered industrial trucks.

**RESPONSE:**

7.     A complete copy of all company-specific powered industrial truck training and/or safety program materials of any kind produced by this Defendant, utilized by this Defendant, and/or provided by this Defendant to persons operating powered industrial trucks on premises owned and/or operated and/or leased by this Defendant.

**RESPONSE:**

8.     A complete copy of all policies, procedures, guidelines, instructions, or other similar documents or things – other than those already addressed in the preceding Requests – produced by, utilized by, and/or provided to agents, servants, employees, or anyone operating powered industrial trucks on company premises and/or for the use and benefit of the company, that in any way reference, relate, to, or discuss the following:

      a.  Handling, operation, and use of powered industrial trucks;

      b.  Stopping, parking, and storing powered industrial trucks;

      c.  Procedures for handling disabled powered industrial trucks.

**RESPONSE:**

9.     A complete copy of all handbooks, policies, procedures, rules, regulations, guidelines, instructions, or other similar documents or things, however named, provided to the on-site "safety supervisor" or other similar person(s) responsible for overseeing, inspecting, monitoring, directing, and addressing workplace safety.

**RESPONSE:**

10.    All photographs of premises and location where the incident made the basis of this case occurred.

**RESPONSE:**

11.    All photographs of the forklift (or any component part thereof) involved in the incident made the basis of this case.

**RESPONSE:**

12.    All audio and video footage (including security footage, cell phone video footage, or any other kind of video recording) capturing all or any part of the incident involving the Plaintiff giving rise to this case.

**RESPONSE:**

13.    All documents of any kind that reference, relate to, or demonstrate any correspondence, communication, requests, directives, or instructions related to the forklift involved in this case in the 24-hour period leading up to (and including) the incident giving rise to this case.

**RESPONSE:**

14.    Any safety-related warnings, reprimands, notices, reminders, memos, or correspondence or communication of any kind relating to, regarding, or in any way referencing use, operation, stopping, parking, or storage of forklifts in the Anniston, Alabama facility in the six (6) months leading up to (and including) the date of the incident made the basis of this case.

**RESPONSE:**

15.     Statements of any kind (written, oral, audio, or transcribed) obtained from the Plaintiff.

**RESPONSE:**

16.     Statements of any kind (written, oral, audio, or transcribed) obtained from any witness to any part of the incident made the basis of this case.

**RESPONSE:**

17.     Statements of any kind (written, oral, audio, or transcribed) obtained from any other person relating, regarding, referring to, or in any way referencing the Plaintiff, the incident made the basis of this case, or the forklift involved in said incident.

**REPSONSE:**

18.     A copy of the complete investigatory materials regarding the incident made the basis of this case.

**RESPONSE:**

19.     A copy of all reports, notices, and correspondence of any kind to any local, state, or federal entity regarding the incident made the basis of this case.

**REPSONSE:**

20.     With respect to any expert witness who will provide testimony or opinions in this matter on your behalf, produce a copy of each expert witness's entire file, including but not limited to any report generated by said expert witness, all documents generated by said expert witness, all documents relied upon by the expert witness in arriving at his conclusions, correspondence, measurements, calculations, notes, etc.

**RESPONSE:**

21.    All documents, items, or things which this Defendant intends to use as an exhibit or demonstrative aid or offer into evidence at the trial of this case.

**RESPONSE:**

22.    A copy of all documents obtained by subpoena in this matter.

**RESPONSE:**

Respectfully submitted,

/s/   *Victoria L. Dye*
Victoria L. Dye (DYE010)
Erby J. Fischer (FIS010)
**MORGAN & MORGAN BIRMINGHAM, PLLC**
2317 Third Avenue North, Suite 102
Birmingham, Alabama 35203
T: (659) 204-6363
F: (659) 204-6388
vdye@forthepeople.com
efischer@forthepeople.com
COUNSEL FOR THE PLAINTIFF

**DEFENDANTS' ADDRESSES FOR SERVICE OF PROCESS:**

UNITED NATURAL FOODS, INC.
Registered Agent: CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

SUPERVALU, INC.
Registered Agent: CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104



AlaFile E-Notice

11-CV-2022-900252.00

To:  Victoria L. Dye
     vdye@forthepeople.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

JIMMY S. SHUMAKER V. UNITED NATURAL FOODS, INC. ET AL
11-CV-2022-900252.00

The following complaint was FILED on 6/6/2022 10:00:06 PM

Notice Date:      6/6/2022 10:00:06 PM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov



AlaFile E-Notice

11-CV-2022-900252.00

To:  UNITED NATURAL FOODS, INC.
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST., STE 605
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

JIMMY S. SHUMAKER V. UNITED NATURAL FOODS, INC. ET AL
11-CV-2022-900252.00

The following complaint was FILED on 6/6/2022 10:00:06 PM

Notice Date:     6/6/2022 10:00:06 PM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov



AlaFile E-Notice

11-CV-2022-900252.00

To:  SUPERVALU, INC.
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST, STE. 605
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

JIMMY S. SHUMAKER V. UNITED NATURAL FOODS, INC. ET AL
11-CV-2022-900252.00

The following complaint was FILED on 6/6/2022 10:00:06 PM

Notice Date:     6/6/2022 10:00:06 PM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>11-CV-2022-900252.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA**
**JIMMY S. SHUMAKER V. UNITED NATURAL FOODS, INC. ET AL**

**NOTICE TO:** UNITED NATURAL FOODS, INC., C/O CT CORPORATION SYSTEM 2 N. JACKSON ST., STE 605, MONTGOMERY, AL 36104

_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Victoria L. Dye
_____,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2317 3rd Avenue North, Suite 102, Birmingham, AL 35203
_____
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JIMMY S. SHUMAKER
pursuant to the Alabama Rules of the Civil Procedure.                    *[Name(s)]*

| 06/06/2022 | /s/ KIM MCCARSON | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ Victoria L. Dye
                                         *(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____.
                                                                    *(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*              *(Name of County)*

Alabama on _____.
                    *(Date)*

_____              _____
*(Type of Process Server)*              *(Server's Signature)*

_____
*(Address of Server)*

_____              _____
*(Server's Printed Name)*              *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>11-CV-2022-900252.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA
### JIMMY S. SHUMAKER V. UNITED NATURAL FOODS, INC. ET AL

**NOTICE TO:** SUPERVALU, INC., C/O CT CORPORATION SYSTEM 2 N. JACKSON ST, STE. 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Victoria L. Dye

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2317 3rd Avenue North, Suite 102, Birmingham, AL 35203

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JIMMY S. SHUMAKER

pursuant to the Alabama Rules of the Civil Procedure.                              *(Name(s))*

| 06/06/2022 | /s/ KIM MCCARSON | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ Victoria L. Dye

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                    *(Name of County)*

Alabama on _____.

*(Date)*

| | *(Address of Server)* |
|---|---|
| *(Type of Process Server)* | |
| *(Server's Signature)* | |
| *(Server's Printed Name)* | *(Phone Number of Server)* |

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
 so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
 or on the front if space permits.

1. Article Addressed to:

W22-700252

UNITED NATURAL FOODS, INC.
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST., STE 605
MONTGOMERY, AL 36104

9590 9402 5363 9189 7824 54

2. Article Number *(Transfer from service label)*

7019 2970 0001 9945 1356

PS Form 3811, July 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _(signature)_                   ☐ Agent
                                  ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
_Insha McCoy_                     JUN 01

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   ☐ Insured Mail Restricted Delivery
     (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



AlaFile E-Notice

11-CV-2022-900252.00

Judge: DEBRA H JONES

To: DYE VICTORIA LAINE
vdye@forthepeople.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

JIMMY S. SHUMAKER V. UNITED NATURAL FOODS, INC. ET AL
11-CV-2022-900252.00

The following matter was served on 6/9/2022

**D001 UNITED NATURAL FOODS, INC.**
**Corresponding To**
CERTIFIED MAIL

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov



AlaFile E-Notice

11-CV-2022-900252.00
Judge: DEBRA H JONES

To: FISCHER ERBY JOHNSON II
efischer@forthepeople.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

JIMMY S. SHUMAKER V. UNITED NATURAL FOODS, INC. ET AL
11-CV-2022-900252.00

The following matter was served on 6/9/2022

**D001 UNITED NATURAL FOODS, INC.**
**Corresponding To**
CERTIFIED MAIL

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X Sha McCaw    ☐ Agent
              ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

Insrig McCaw    JUN 0 9 20

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ ...ail Restricted Delivery
   ...0)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☒ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

Domestic Return Receipt

---

## SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:    W22900252

   SUPERVALU, INC.
   C/O CT CORPORATION SYSTEM
   2 N. JACKSON ST, STE. 605
   MONTGOMERY, AL 36104



9590 9402 5363 9189 7824 47

2. Article Number (Transfer from service label)

7019 2970 0001 9945 1363

PS Form 3811, July 2015 PSN 7530-02-000-9053



AlaFile E-Notice

11-CV-2022-900252.00

Judge: DEBRA H JONES

To:  DYE VICTORIA LAINE
      vdye@forthepeople.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

JIMMY S. SHUMAKER V. UNITED NATURAL FOODS, INC. ET AL
11-CV-2022-900252.00

The following matter was served on 6/9/2022

**D002 SUPERVALU, INC.**

**Corresponding To**

CERTIFIED MAIL

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov



AlaFile E-Notice

11-CV-2022-900252.00

Judge: DEBRA H JONES

To: FISCHER ERBY JOHNSON II
    efischer@forthepeople.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

JIMMY S. SHUMAKER V. UNITED NATURAL FOODS, INC. ET AL
11-CV-2022-900252.00

The following matter was served on 6/9/2022

**D002 SUPERVALU, INC.**

**Corresponding To**

CERTIFIED MAIL

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

AlaFile E-Notice

ELECTRONICALLY FILED
7/7/2022 8:18 AM
11-CV-2022-900252.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

11-CV-2022-900252.00

To:  Victoria L. Dye
       vdye@forthepeople.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

JIMMY S. SHUMAKER V. UNITED NATURAL FOODS, INC. ET AL
11-CV-2022-900252.00

The following complaint was FILED on 6/6/2022 10:00:06 PM

Notice Date:        6/6/2022 10:00:06 PM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

DOCUMENT 114

ELECTRONICALLY FILED
6/6/2022 10:00 PM
11-CV-2022-900252.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>11 |
|---|---|---|

Date of Filing:          Judge Code:
06/06/2022

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA
### JIMMY S. SHUMAKER v. UNITED NATURAL FOODS, INC. ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other               ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☑ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:   F** ☑ **INITIAL FILING**    **A** ☐ **APPEAL FROM**       **O** ☐ **OTHER**
**DISTRICT COURT**

**R** ☐ **REMANDED**    **T** ☐ **TRANSFERRED FROM**
**OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☑ **YES** ☐ **NO**   **Note:** Checking "Yes" does not constitute a demand for a
jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:**

_____DYE010_____          _____6/6/2022 10:00:40 PM_____          _____/s/ Victoria L. Dye_____
                    Date                    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**      ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**      ☐ YES ☐ NO

DOCUMENT 24

ELECTRONICALLY FILED
6/6/2022 10:00 PM
11-CV-2022-900252.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

# IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

**JIMMY S. SHUMAKER,** an individual,

    PLAINTIFF,

**vs.**                             Civil Action No.: _____

**UNITED NATURAL FOODS, INC.,** a foreign corporation;
**SUPERVALU, INC.,** a foreign corporation; and,
**FICTITIOUS DEFENDANTS:**
**"A",** whether singular or plural, being the person who operated, stopped, parked, and/or left unattended the powered industrial truck without lowering the load-engaging means to the floor or otherwise ensuring the load-engaging means were not obstructing or in the path of other forklifts being operated on the premises at the time of the July 27, 2020 incident made the basis of this case;
**"B",** whether singular or plural, being the person who failed to move or remove the powered industrial truck from the aisle or path of travel of other powered industrial trucks operating on the premises where the incident made the basis of this case occurred;
**"C",** whether singular or plural, being the person who or which was named, designated as, operated as, or was responsible for acting as the safety supervisor on the premises where the incident made the basis of this case occurred;
**"D",** whether singular or plural, being the person who was responsible for inspecting the premises where the incident made the basis of this case occurred;
**"E",** whether singular or plural, being the person or entity who or which was responsible for training and supervising the employees, agents, servants, or contractors in, on, or around the premises where the incident made the basis of this case occurred;
**"F",** whether singular or plural, being the person or entity who or which was the employer of Fictitious Defendants A - E at the time of the incident made the basis of this case;
**"G",** whether singular or plural, being the person or entity for whom Fictitious Defendants A - E, separately and severally, were performing some type of service or duty at the time of the incident made the basis of this case;
**"H",** whether singular or plural, being that entity – other than those entities described above – which is the parent, subsidiary, affiliate, or successor-in-interest of any of the named or fictitiously described Defendants in this lawsuit;
**"I",** whether singular or plural, being that person, firm, corporation, or entity who or which was the owner, lessor, or lessee of the premises(es) where any act, omission, or injury related to the incident made the basis of this case occurred;
**"J",** whether singular or plural, being that person, firm, corporation, or entity who or which controlled or had the right to control the premises(es) where any act, omission, or injury related to the incident made the basis of this case occurred and/or to control the chattel involved in this incident made the basis of this case;

**"K",** whether singular or plural, being the person or entity that provided any kind of liability insurance coverage for any named Defendant and/or Fictitious Party Defendant herein on the date of the incident made the basis of this lawsuit;

**"L",** whether singular or plural, being that person or entity who or which issued any policy of insurance which provided coverage of any kind whatsoever for the injuries and damages suffered by the Plaintiff as the direct or proximate result of the July 27, 2020 incident made the basis of this lawsuit;

**"M",** whether singular or plural, being that person or entity who or which provided any insurance coverage of any kind, including excess and/or umbrella coverage, for any of the materials involved in the incident made the basis of this lawsuit; and/or for any employee, agent, servant, or contractor involved in any way in the incident made the basis of this case; and/or for any of the Named or Fictitious Defendants listed or described herein;

**"N",** whether singular or plural, being that person or entity – other than those described hereinabove – whose negligent, reckless, wanton, or otherwise wrongful actions or failures to act caused or contributed to cause the incident made the basis of this case; and,

**"O",** whether singular or plural, being that person or entity – other than those persons or entities described hereinabove – whose negligent, reckless, wanton, or otherwise wrongful actions or failures to act caused or contributed to cause the injuries and damages suffered by the Plaintiffs as a result of the incident made the basis of this case.

DEFENDANTS**.**

---

## COMPLAINT

---

## <u>PARTIES</u>

1.      Plaintiff, JIMMY S. SHUMAKER, is an individual over the age of nineteen (19) years and a resident of Calhoun County, Alabama.

2.      Defendant UNITED NATURAL FOODS, INC. ("UNFI") is a Delaware corporation with its principal place of business in the State of Minnesota which did business by agent in Calhoun County, Alabama at all times relevant hereto.

3.      Defendant SUPERVALU, INC. ("SUPERVALU") is a Delaware corporation with its principal place of business in the State of Minnesota which did business by agent in Calhoun County, Alabama at all times relevant hereto.

4.     Fictitious Defendant "A" is the individual who operated, stopped, parked, and/or left unattended the powered industrial truck with its load-engaging means raised off the floor on July 27, 2020.  Upon information and belief, Fictitious Defendant "A" was an agent, servant, or employee of Defendant UNFI and/or Defendant SUPERVALU at all times relevant hereto.

5.     Fictitious Defendant "B" is the individual or individuals who or which failed to remove the powered industrial truck from the aisle where it was stopped or parked with the load-engaging mechanisms raised off the ground on July 27, 2020.  Upon information and belief, Fictitious Defendant "B" was an agent, servant, or employee of Defendant UNFI and/or Defendant SUPERVALU at all times relevant hereto.

6.     Fictitious Defendant "C" is the individual who was designated as, acting as, or responsible for acting as the "safety supervisor" on the premises when the incident made the basis of this case occurred on July 27, 2020. Upon information and belief, Fictitious Defendant "C" was an agent, servant, or employee of Defendant UNFI and/or Defendant SUPERVALU at all times relevant hereto.

7.     Fictitious Defendant "D" is the individual or individuals who was/were responsible for inspecting the premises where the incident made the basis of this case occurred on July 27, 2020. Upon information and belief, Fictitious Defendant "D" was an agent, servant, or employee of Defendant UNFI and/or Defendant SUPERVALU at all times relevant hereto.

8.     Fictitious Defendant "E" is the individual or individuals who was/were responsible for training and supervising the employees, agents, servants, or contractors in,

on, or around the premises where the incident made the basis of this case occurred.  Upon information and belief, Fictitious Defendant "E" was an agent, servant, or employee of Defendant UNFI and/or Defendant SUPERVALU at all times relevant hereto.

9.      Fictitious Defendant "F" is the person or entity who or which was the employer of Fictitious Defendants "A" through "E" on the occasion giving rise to this lawsuit.

10.      Fictitious Defendant "G" is the person or entity for whom Fictitious Defendants "A" through E", separately and severally, were performing some type of service or duty at the time of the incident made the basis of this case.

11.      Fictitious Defendant "H" is the entity that is the parent, subsidiary, affiliate, or successor-in-interest of any of the named or fictitiously described Defendants herein.

12.      Fictitious Defendant "I" is the person, firm, corporation, or entity who or which was the owner, lessor, or lessee of the premises(es) where any act, omission, or injury related to the incident made the basis of this case occurred.

13.      Fictitious Defendant "J" is the person, firm, corporation, or entity who or which controlled or had the right to control the premises(es) where any act, omission, or injury related to the incident made the basis of this case occurred and/or to control the chattel involved in this incident made the basis of this case.

14.      Fictitious Defendants "A" through "O", whether singular or plural, are those persons, firms, corporations, or other entities whose wrongful actions or failures to act caused or contributed to cause the injuries and damages to the Plaintiff, as described herein,

all of whose true and correct names are unknown to the Plaintiff at this time but will be substituted by amendment when ascertained.

## FACTUAL ALLEGATIONS

15.     Plaintiff adopts and re-alleges all prior paragraphs of this Complaint as if set forth fully herein.

16.     On July 27, 2020, Plaintiff JIMMY SHUMAKER was operating a stand-up powered industrial truck (*i.e.,* forklift) on the premises of a distribution warehouse facility located in Anniston, Alabama.

17.     Upon information and belief, the premises where the incident made the basis of this case occurred was owned and/or operated and/or controlled by Defendant UNFI and/or Defendant SUPERVALU.

18.     At the above-stated time and place, Plaintiff was not employed by Defendant UNFI and/or Defendant SUPERVALU but was performing tasks at the facility under the direction, control, and/or supervision of one or more agents, servants, or employees of Defendant UNFI and/or Defendant SUPERVALU and/or Fictitious Defendants "F-H".

19.     As Plaintiff was maneuvering his standing forklift on the distribution warehouse on the above-stated date, he sustained severe, permanent, and catastrophic injuries when one of the raised load-engaging means ("forks") on an unattended forklift impaled his right foot just behind the steel-toe area of his boot, piercing through the side of his foot and through the top of his foot.

20.     The unattended forklift was parked near or alongside a pole in a main aisle of the warehouse distribution facility with its forks facing out toward and/or into the aisle where Plaintiff was operating his forklift.

21.     Furthermore, the forks on the unattended forklift were not resting on the ground, as required when parked or left unattended, but were, instead, improperly raised off the ground when this incident occurred.

22.     There were no signs, tags, cones, or other similar devices on or around the unattended forklift to alert or warn other forklift operators that the machine was stopped in that location and/or that it was stopped with its forks raised off the ground.

23.     Fictitious Defendant "A" – who, upon information and belief, is an individual named "Brett" but whose other identifying information is unknown to the Plaintiff – had been operating the forklift prior to this incident and left it stopped and unattended with the forks raised off the ground and facing the aisle prior to the incident involving the Plaintiff.

24.     Upon information and belief, Fictitious Defendant "A" ("Brett") was an employee, agent, or servant of Defendant UNFI and/or Defendant SUPERVALU at the time of the incident made the basis of this case.

25.     Upon further information and belief, Fictitious Defendant C – the "safety supervisor" employed by Defendant UNFI and/or Defendant SUPERVALU – instructed Fictitious Defendants A ("Brett") and/or B to remove the improperly stopped and unattended forklift from the aisle and transport it to the shop for repairs prior to the accident involving the Plaintiff.

26.     The unattended forklift remained stopped with its raised forks facing the aisle despite the directive that it be removed to the shop and despite the clear and known safety hazard it presented to other persons operating forklifts in the area of the stopped machine.

27.     As a result of this incident, Plaintiff Jimmy Shumaker sustained severe physical injuries and damages, including, without limitation, a severe crush injury with open fractures of the first, second, and third metatarsal requiring multiple surgical procedures; large puncture lacerations to the side and top of his right foot; ligament and nerve damage to the right foot; permanent loss of full function and use of his right foot; permanent scarring and disfigurement of the right foot; and, severe pain and suffering, which is ongoing and which Plaintiff will continue to suffer in the future.

28.     As a further result of this incident, Plaintiff incurred additional damages, including medical bills and costs; out-of-pocket costs and expenses; lost wages; diminished earning capacity; lost enjoyment of life; and extreme mental anguish and emotional distress.

## COUNT I:
## NEGLIGENCE/RECKLESSNESS/WANTONNESS

29.     Plaintiff adopts and re-alleges all prior paragraphs of this Complaint as if set forth fully herein.

30.     On July 27, 2020, Plaintiff sustained severe, permanent, and catastrophic injuries and damages when an improperly raised load-engaging mean ("fork") on a stopped, unattended, and improperly parked powered industrial truck ("forklift") impaled Plaintiff's right foot as he lawfully operated another forklift at the distribution warehouse

premises in Calhoun County, Alabama owned and/or operated by Defendant UNFI and/or Defendant SUPERVALU.

31.    At the time and place referenced above, Fictitious Defendant "A" stopped, parked, and left unattended the subject forklift with its forks raised in the air and facing toward the aisle where Plaintiff was operating his machine.

32.    At the time and place referenced above, Fictitious Defendants "A" and/or "B" failed to move or remove the unattended forklift from the aisle where Plaintiff was operating his machine.

33.    At the time and place referenced above, Fictitious Defendants "C" and/or "D" failed to properly inspect the premises and ensure that the stopped and unattended forklift was removed from the area where the incident occurred and/or that failed to warn others in the area of the safety hazard presented by the stopped forklift and its raised forks.

34.    At all times relevant hereto, one or more Fictitious Defendants "A – D" owed the Plaintiff certain duties of care, including:

a) The duty to follow OSHA's forklift operating rules;

b) The duty to park forklifts in an authorized area;

c) The duty to fully lower the load-engaging means to the ground when parking the forklift and/or leaving the forklift unattended;

d) The duty to ensure forklifts and/or their load-engaging means were not stopped, parked, or left unattended in a manner or in an area that would impede or otherwise cause danger to other forklifts or forklift operators on the premises;

e) The duty to inspect the premises for safety;

f) The duty to remedy or remove any safety hazards on the premises;

g) The duty to warn others of the presence of safety hazards that could not immediately be remedied or removed;

h) The duty to follow, comply, and carry out any safety-related directives or instructions on the premises; and,

i) The duty to follow company operation and parking rules, procedures, and/or policies when using, storing, stopping, parking, or otherwise leaving the subject forklift unattended.

35.     One or more Fictitious Defendants "A – D" negligently, recklessly, and/or wantonly breached the duties of care owed to the Plaintiff on July 27, 2020, when he/she/they:

a) Negligently, recklessly, and/or wantonly failed to follow OSHA's forklift operating rules when stopping, parking, or otherwise leaving the subject fork unattended;

b) Negligently, wantonly and/or recklessly parked or left the forklift unattended in an unauthorized area;

c) Negligently, recklessly, and/or wantonly parked or stopped the subject forklift in the improper direction, such that the forklift's load-engaging means were caused or allowed to block, obstruct, or interfere with the path of travel of the forklift being operated by the Plaintiff;

d) Negligently, recklessly, and/or wantonly failed to fully lower the subject forklift's load-engaging means to the floor before parking or leaving the forklift unattended;

e) Negligently, recklessly, and/or wantonly failed to inspect the premises for safety hazards, including the presence of a stopped and unattended forklift with its forks raised off the ground and facing the aisle where other workers were operating;

f) Negligently, recklessly, and/or wantonly failed to remove the forklift from the aisle;

g) Negligently, recklessly, and/or wantonly failed to warn others operators on the premises of the presence of the stopped and unattended forklift with its forks raised off the ground;

h) Negligently, recklessly, and/or wantonly failed to follow, comply, and/or carry out directives to remove the stopped forklift from the aisle;

i) Negligently, recklessly, and/or wantonly failed to follow company rules, regulations, procedures, and/or policies regarding the use and operation of forklifts on the premises.

36.   The above-described negligence, recklessness, and/or wantonness of one or more Fictitious Defendants "A – D" caused or allowed one of the improperly raised forks on the stopped and unattended forklift to pierce and impale Plaintiff's foot as he operated his standing forklift on the premises owned, operated by, and/or under the control of Defendant UNFI and/or Defendant SUPERVALU on July 27, 2020.

37.   As a proximate result of the above-described negligence, recklessness, and/or wantonness of one or more Fictitious Defendants "A – D," Plaintiff was caused to suffer severe, substantial, catastrophic, and permanent injuries and damages, including, without limitation:

a) Severe physical injury to his body, including, large puncture wounds, crushed/fractured bones, and damage to cartilage, ligaments, and nerves in his right foot requiring Plaintiff to endure hospitalization, multiple surgeries, and lengthy and ongoing medical care;

b) Permanent scarring and disfigurement;

c) Permanent limitation and loss of function and use of his foot;

d) Substantial and severe pain and suffering, which Plaintiff has suffered and will continue to suffer in the future;

e) Substantial medical bills, costs, and expenses, which Plaintiff will continue to incur in the future;

f) Out-of-pocket costs and expenses, which Plaintiff has incurred and will continue to incur in the future;

g) Lost wages;

h) Lost or diminished future earnings and earning capacity;

i) Lost or diminished enjoyment of life; and,

j) Severe mental anguish and emotional distress, which Plaintiff has suffered and will continue to suffer in the future.

38.    Upon information and belief, Fictitious Defendants "A – D," separately and severally, were agents, servants, and/or employees of Defendant UNFI and/or Defendant SUPERVALU, and were acting within the line and scope of said agency, service and/or employment at all times relevant hereto, such that Defendants UNFI and/or SUPERVALU are vicariously liable, jointly and severally, for the negligent, reckless, and/or wanton actions or failures to act on the part of one or more Fictitious Defendants "A – D" on the date of the incident giving rise to this case.

39.    The negligence, recklessness, and/or wantonness of Fictitious Defendants "A – D" combined and concurred with the negligence, recklessness, wantonness, or otherwise wrongful actions of all other named and fictitious Defendants, causing Plaintiff to suffer substantial, severe, and permanent injuries and damages as a direct and proximate result.

40.    Plaintiff demands punitive damages of the named and fictitious Defendants, jointly and severally, for said Defendants' respective wanton conduct.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against all named and fictitious Defendants, jointly and severally, for compensatory and punitive damages, to be determined by a struck jury, plus interest and costs.

## COUNT II:
## NEGLIGENT/WANTON TRAINING & SUPERVISION

41.     Plaintiff adopts and re-alleges all prior paragraphs of this Complaint, as if set forth fully herein.

42.     On July 27, 2020, Plaintiff sustained severe, permanent, and catastrophic injuries and damages when an improperly raised load-engaging mean ("fork") on a stopped, unattended, and improperly parked powered industrial truck ("forklift") impaled Plaintiff's right foot as he lawfully operated another forklift at the distribution warehouse premises in Calhoun County, Alabama owned and/or operated by Defendant UNFI and/or Defendant SUPERVALU.

43.     On the occasion set forth above, Fictitious Defendant "A" was responsible for and/or did operate, stop, park, leave unattended, and/or fail to lower the load-engaging means of the forklift involved in the incident made the basis of this case.

44.     Further, Fictitious Defendants "A" and/or "B" failed to move or remove the stopped and unattended forklift from the aisle where Plaintiff was operating his forklift on the date of this incident.

45.     On the occasion set forth above, Fictitious Defendants "C" and/or "D" were responsible for inspecting the premises and/or ensuring that the premises was free from safety hazards or dangers to other persons working on the premises.

46.     Upon information and belief, Fictitious Defendants "C" and/or "D" failed to properly inspect the premises and/or failed to ensure that the stopped forklift was removed from the area where the incident occurred and/or failed to warn others of the presence of the stopped forklift until it could be removed from the area where the Plaintiff was operating his own forklift on the date of this incident.

47.     Fictitious Defendant "E" was responsible for training and supervising the employees, agents, servants, or contractors of Defendant UNFI and/or Defendant SUPERVALU who were working in, on, or around the premises where the incident made the basis of this case occurred.

48.     Fictitious Defendants "A – E" were agents, servants, and/or employees of Defendant UNFI and/or Defendant SUPERVALU at the time of the incident made the basis of this case.

49.     Additionally, or in the alternative, Fictitious Defendants "A – E" were acting under the express or implied direction, permission, or consent of Defendant UNFI and/or Defendant SUPERVALU at all times relevant hereto.

50.     Defendant UNFI and/or Defendant SUPERVALU negligently and/or wantonly failed to train, supervise, and/or monitor the operation and use of forklifts by its agents, servants, and/or employees, including Fictitious Defendants "A – D".

51.     Additionally, Defendant UNFI and/or Defendant SUPERVALU, by and through Fictitious Defendant "E", improperly trained and supervised agents, servants, or employees of Defendant UNFI and/or Defendant SUPERVALU in the proper and safe use,

operation, parking, or removal of forklifts being operated on the premises at all times relevant hereto.

52.    Moreover, Defendant UNFI and/or Defendant SUPERVALU negligently, recklessly, and/or wantonly failed to detect, deter, or prevent the negligent, reckless, wanton, or otherwise wrongful actions of agents, servants, or employees operating forklifts on the premises – including Fictitious Defendants "A – D" – at all times relevant hereto.

53.    As a direct and proximate result of the negligence, recklessness, and/or wantonness of Defendant UNFI and/or Defendant SUPERVALU, Plaintiff was caused to suffer severe, substantial, catastrophic, and permanent injuries and damages, including, without limitation:

  a)  Severe physical injury to his body, including, large puncture wounds, crushed/fractured bones, and damage to cartilage, ligaments, and nerves in his right foot requiring Plaintiff to endure hospitalization, multiple surgeries, and lengthy and ongoing medical care;

  b)  Permanent scarring and disfigurement;

  c)  Permanent limitation and loss of function and use of his foot;

  d)  Substantial and severe pain and suffering, which Plaintiff has suffered and will continue to suffer in the future;

  e)  Substantial medical bills, costs, and expenses, which Plaintiff will continue to incur in the future;

  f)  Out-of-pocket costs and expenses, which Plaintiff has incurred and will continue to incur in the future;

g) Lost wages;

h) Lost or diminished future earnings and earning capacity;

i) Lost or diminished enjoyment of life; and,

j) Severe mental anguish and emotional distress, which Plaintiff has suffered and will continue to suffer in the future

54.     Defendant UNFI and/or Defendant SUPERVALU's negligent, reckless, and/or wanton failure to properly train and supervise its agents, servants, and/or employees, including Fictitious Defendants "A – E," combined and concurred with the negligence, recklessness, wantonness, or otherwise wrongful conduct of all other named and fictitious Defendants, causing Plaintiff to suffer severe, permanent, and catastrophic injuries and damages as a direct and proximate result.

55.     Plaintiff demands punitive damages of all named and fictitious Defendants, jointly and severally, for said Defendants' respective wanton conduct.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against all named and fictitious Defendants, jointly and severally, for compensatory and punitive damages, to be determined by a struck jury, plus interest and costs.

## <u>COUNT III:</u><br>RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

56.     Plaintiff adopts and re-alleges all prior paragraphs of this Complaint, as if set forth fully herein.

57.     On July 27, 2020, Plaintiff sustained severe, permanent, and catastrophic injuries and damages when an improperly raised load-engaging mean ("fork") on a

stopped, unattended, and improperly parked powered industrial truck ("forklift") impaled Plaintiff's right foot as he lawfully operated another forklift at the distribution warehouse premises in Calhoun County, Alabama owned and/or operated by Defendant UNFI and/or Defendant SUPERVALU.

58.     On the occasion set forth above, Fictitious Defendant "A" was responsible for and/or did operate, stop, park, leave unattended, and/or fail to lower the load-engaging means of the forklift involved in the incident made the basis of this case.

59.     Further, Fictitious Defendants "A" and/or "B" failed to move or remove the stopped and unattended forklift from the aisle where Plaintiff was operating his forklift on the date of this incident.

60.     On the occasion set forth above, Fictitious Defendants "C" and/or "D" were responsible for inspecting the premises and/or ensuring that the premises was free from safety hazards or dangers to other persons working on the premises.

61.      Upon information and belief, Fictitious Defendants "C" and/or "D" failed to properly inspect the premises and/or failed to ensure that the stopped forklift was removed from the area where the incident occurred and/or failed to warn others of the presence of the stopped forklift until it could be removed from the area where the Plaintiff was operating his own forklift on the date of this incident.

62.     At the aforesaid time and place, Fictitious Defendants "A – D" were acting within the line and scope of his/her/their agency, service, and/or employment with Defendant UNFI and/or Defendant SUPERVALU.

63.     Alternatively, Fictitious Defendants "A – D" were acting with express, implied, and/or apparent authority of Defendant UNFI and/or Defendant SUPERVALU, such that Defendant UNFI and/or Defendant SUPERVALU are vicariously liable for the negligent, reckless, wanton, or otherwise wrongful actions and/or failures to act on the part of Fictitious Defendants "A – D" on the occasion made the basis of this lawsuit.

64.     As a direct and proximate result of the negligent, wanton, reckless, or otherwise wrongful actions or failures to act by Defendant UNFI and/or Defendant SUPERVALU, by and through said Defendants' respective agents, servants, and/or employees, Plaintiff was caused to suffer severe, substantial, catastrophic, and permanent injuries and damages, including, without limitation:

a)  Severe physical injury to his body, including, large puncture wounds, crushed/fractured bones, and damage to cartilage, ligaments, and nerves in his right foot requiring Plaintiff to endure hospitalization, multiple surgeries, and lengthy and ongoing medical care;

b)  Permanent scarring and disfigurement;

c)  Permanent limitation and loss of function and use of his foot;

d)  Substantial and severe pain and suffering, which Plaintiff has suffered and will continue to suffer in the future;

e)  Substantial medical bills, costs, and expenses, which Plaintiff will continue to incur in the future;

f)  Out-of-pocket costs and expenses, which Plaintiff has incurred and will continue to incur in the future;

g) Lost wages;

h) Lost or diminished future earnings and earning capacity;

i) Lost or diminished enjoyment of life; and,

j) Severe mental anguish and emotional distress, which Plaintiff has suffered and will continue to suffer in the future.

65.    The negligence, recklessness, wantonness, or otherwise wrongful actions or failures to act by Defendant UNFI and/or Defendant SUPERVALU, combined and concurred with the negligence, recklessness, wantonness, or otherwise wrongful conduct of all other named and fictitious Defendants, causing Plaintiff to suffer severe, permanent, and catastrophic injuries and damages as a direct and proximate result.

66.    Plaintiff demands punitive damages of all named and fictitious Defendants, jointly and severally, for said Defendants' respective wanton conduct.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against all named and fictitious Defendants, jointly and severally, for compensatory and punitive damages, to be determined by a struck jury, plus interest and costs.

---

## COUNT IV:
## FICTITIOUS PARTIES

---

67.    Plaintiff adopts and re-alleges each and every material averment of Counts I - III of this Complaint as if fully set out herein, with the exception that Plaintiff substitutes the words "Fictitious Defendants A – O" for the named Defendants therein.

68.    Plaintiff avers that the negligent, reckless, and/or wanton conduct of Fictitious Defendants "A – O" combined and concurred with the negligent, reckless, and/or

wanton conduct of the named Defendants to proximately cause the Plaintiff's injuries and damages, as set forth in Counts I-III above.

69.   Plaintiff demands punitive damages of all named and fictitious Defendants, jointly and severally, for said Defendants' respective wanton conduct.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against all named and fictitious Defendants, jointly and severally, for compensatory and punitive damages, to be determined by a struck jury, plus interest and costs.

## JURY DEMAND

**PLAINTIFF DEMANDS A STRUCK JURY FOR THE TRIAL OF THIS CAUSE**

Respectfully submitted,

*/s/   Victoria L. Dye*
Victoria L. Dye (DYE010)
Erby J. Fischer (FIS010)
**MORGAN & MORGAN BIRMINGHAM, PLLC**
2317 Third Avenue North, Suite 102
Birmingham, Alabama 35203
T: (659) 204-6363
F: (659) 204-6388
vdye@forthepeople.com
efischer@forthepeople.com

COUNSEL FOR THE PLAINTIFF

## DEFENDANTS' ADDRESSES FOR SERVICE OF PROCESS:

UNITED NATURAL FOODS, INC.                    SUPERVALU, INC.
Registered Agent: CT Corporation System       Registered Agent: CT Corporation System
2 North Jackson St., Suite 605                2 North Jackson St., Suite 605
Montgomery, Alabama 36104                     Montgomery, Alabama 36104

DOCUMENT 34

ELECTRONICALLY FILED
6/6/2022 10:00 PM
11-CV-2022-900252.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

# IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | | |
|---|---|---|
| **JIMMY S. SHUMAKER,** an individual, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| **vs.** | ) | Civil Action No.: _____ |
| | ) | |
| **UNITED NATURAL FOODS, INC.**; and | ) | |
| **SUPERVALU, INC.,** *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | | |

## PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT, UNITED NATURAL FOODS, INC.

COMES NOW the Plaintiff, JIMMY S. SHUMAKER, and requests that Defendant UNITED NATURAL FOODS, INC. ("UNFI") answer the following Requests for Admission within the time limits provided by the Alabama Rules of Civil Procedure. In responding to the Request for Admissions set forth herein, you are reminded of your obligations under Rule 36 of the Alabama Rules of Civil Procedure, including your obligation to specifically state the grounds for any objection raised to a particular request.

## **FIRST REQUESTS FOR ADMISSION**

1.     Admit or deny that this Defendant's business operations in the State of Alabama are subject to the jurisdiction of the United States Department of Labor's Occupational Safety and Health Administration ("OSHA").

## **RESPONSE:**

2.     Admit or deny that the incident made the basis of this case resulted in a work-related hospitalization of the Plaintiff.

**RESPONSE:**

3.     Admit or deny that this Defendant was required to report the July 20, 2020 incident to OSHA pursuant to OSHA's mandatory reporting rules for work-related incidents involving "severe injury."

**RESPONSE:**

4.     Admit or deny you did not report this July 27, 2020 incident to OSHA.

**RESPONSE:**

5.     Admit or deny that other forklift accidents have occurred at the Anniston, Alabama premises in the five (5) years preceding the July 20, 2020 incident made the basis of this case.

**RESPONSE:**

6.     Admit or deny that the load-engaging means (*i.e.,* forks) on a powered industrial truck must be lowered to the ground when the machine is parked or left unattended.

**RESPONSE:**

Respectfully submitted,

*/s/   Victoria L. Dye*
Victoria L. Dye (DYE010)
Erby J. Fischer (FIS010)
**MORGAN & MORGAN BIRMINGHAM, PLLC**
2317 Third Avenue North, Suite 102
Birmingham, Alabama 35203
T: (659) 204-6363
F: (659) 204-6388
vdye@forthepeople.com
efischer@forthepeople.com
COUNSEL FOR THE PLAINTIFF

## <u>DEFENDANTS' ADDRESSES FOR SERVICE OF PROCESS:</u>

UNITED NATURAL FOODS, INC.
Registered Agent: CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

SUPERVALU, INC.
Registered Agent: CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

DOCUMENT 144

ELECTRONICALLY FILED
6/6/2022 10:00 PM
11-CV-2022-900252.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

# IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| **JIMMY S. SHUMAKER,** an individual, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| **vs.** | )   Civil Action No.: _____ |
| | ) |
| **UNITED NATURAL FOODS, INC.**; and | ) |
| **SUPERVALU, INC.,** *et al.*, | ) |
| | ) |
| DEFENDANTS. | |

---

## PLAINTIFF'S FIRST INTERROGATORIES
## TO UNITED NATURAL FOODS, INC.

---

COMES NOW the Plaintiff, JIMMY S. SHUMAKER, and requests that Defendant UNITED NATURAL FOODS, INC. ("UNFI") answer the following Interrogatories within the time limits provided by the Alabama Rules of Civil Procedure:

### DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these Requests:

1.      "YOU" or "YOUR" as used herein shall mean this Defendant; the Defendant's representatives; and all persons acting on behalf of this Defendant.

2.      "DOCUMENT(S)" and "RECORD(S)" as used herein are used in the broadest possible sense and shall include any written, printed, recorded, graphic, electronic, and computerized matter or sound reproductions, however produced or reproduced, of any kind, including, but not limited to, the original or any copy of correspondence, letters, interoffice memoranda, interoffice directives, telephone conference memoranda, records

memoranda, data, notes, printouts, communications, messages, emails, minutes, reports, schedules, tables, graphs, charts, books, pamphlets, accounts, vouchers, bills, invoices, statements, journals, ledgers, checks, contracts, agreements, orders, diaries, films, film strips, magnetic or other recorded tapes, computerized data and any other instruments and documents to which the responding party or entity has or has access to and/or which are in the possession, care, custody, or control of the responding party or entity.  This definition includes all preliminary versions of documents or records, all copies of documents, all marginal or other notes on documents or copies thereof, all file folders, and all labels or markings indicating the manner in which the documents have been maintained, with the exception of anything designated or deemed attorney work product and/or covered under the attorney-client privilege. Further, in preparing your responses hereto, please do not overlook or exclude reference to or, where required, production of, electronic or other computerized data.  Where material responsive to these requests exists in electronic form, it should be produced in its electronic form along with any hardware and/or software necessary to fully extract and utilize the data and information.

3.      "PERSON," as used herein, means an individual, corporation, partnership, joint venture, group, association, body politic, governmental agency or unit, or any other organization.

4.      Requests to "IDENTIFY A PERSON," or equivalent language, means to state his/her name, last known address, job title or position, and the name and address of his/her employer.

5.      Requests to "IDENTIFY A DOCUMENT" or equivalent language means to state with respect thereto:

      a)      The identity of the person who prepared it;

      b)      The identity of the person who signed it or over whose signature or direction it was issued;

      c)      The identity of each person to whom it was addressed or distributed;

      d)      The nature or substance of the document with sufficient particularity to enable it to be identified;

      e)      Its date and, if it bears no date, the date when it was prepared; and

      f)      The physical location of it and the names of its custodian or custodians.

6.      "RELATE(ING) TO", "PERTAIN(ING) TO", "REGARDING" or "EVIDENCING" as used herein means and includes referring to, commenting on, in connection with, leading to, dealing with, evidencing, discussing, covering, representing or mentioning, in any way whatsoever, directly or indirectly the requested information or thing.

7.      "OR" as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by "or." Rather, whenever applicable, "or" should be read as having the same meaning as the word "and."

DOCUMENT 144

## FIRST INTERROGATORIES TO DEFENDANT UNFI

1.      Identify by full name, address, and job title every person answering these discovery requests and/or supplying information used in answering these requests for or on behalf of Defendant UNFI.

**RESPONSE:**

2.      For each policy of insurance (including excess insurance) that insured this Defendant – and any agent(s), servant(s), or employee(s) of this Defendant – against the risks or losses claimed in this lawsuit, state for each the name of the insurer, the name of the primary and additional insureds, and the limits of coverage for each.

**RESPONSE:**

3.      Identify the make, model, and manufacturer of the forklift involved in the incident made the basis of this case.

**RESPONSE:**

4.      Identify the owner of the forklift involved in the incident made the basis of this case and state the date the forklift was purchased or acquired by said owner.

**RESPONSE:**

5.      Identify the owner of the premsies where the incident made the basis of this case occurred.

**RESPONSE:**

6.      State the full name, employer, and job title of the person or persons who were responsible for and/or acting as Plaintiff's supervisor on the premises where the incident occurred on July 27, 2020.

**RESPONSE:**

7.      List the full name, employer, and job title of every supervisor, director, manager, or all other persons with supervisory or managerial authority who were present at the Anniston, Alabama premises when the incident made the basis of this case occurred.

**RESPONSE:**

8.      State the full name, employer, and job title of every person who witnessed all of and/or any part of the incident made the basis of this case.

**RESPONSE:**

9.      State the full name and employer of the safety supervisor on duty at the time of the incident made the basis of this case.

**RESPONSE:**

10.      State the full name, employer, and job title of the person who stopped, parked, or left unattended the powered industrial truck involved in the incident made the basis of this case.

**RESPONSE:**

11.      State the name of the full name(s), employer(s), and job title(s) of the person(s) who was/were instructed, directed, or asked prior to this incident to move the powered industrial truck from the area where it was located when the incident involving the Plaintiff occurred.

**RESPONSE:**

12.      State this Defendant's policy or procedure for handling powered industrial units that malfunction or become disabled.

**RESPONSE:**

13.    State this Defendant's policy or procedure for reporting workplace accidents involving serious injuries, including the method of making any such report; the job title of the person(s) responsible for making the report; the person, entity, or governmental body to whom such reports are made; whether a copy of the report is transmitted to any person or department within this Defendant's organization; whether a copy of the report is saved; and the location where those reports are saved.

**RESPONSE:**

14.    State in detail this Defendant's understanding of how the incident made the basis of this case occurred.

**REPSONSE:**

15.    Do you contend that the Plaintiff is responsible, in whole or in part, for the incident made the basis of this case?  If so, explain why you contend Plaintiff was responsible for the incident and state every basis upon which you reply in making this contention.

**RESPONSE:**

16.    Do you contend that any person other than the Plaintiff is responsible, in whole or in part, for the incident made the basis of this case?  If so, explain why you contend Plaintiff was responsible for the incident and state every basis upon which you reply in making this contention.

**RESPONSE:**

17.     Do you contend that any person failed to comply in any way with this Defendant's rules, regulations, policies, or procedures on the date of the incident made the basis of this case?  If so, please identify each such rule, regulation, policy, or procedure that was violated and the way each was violated.

**RESPONSE:**

18.     State the number of incidents involving forklift-related injuries occurring on the Anniston, Alabama premises in the ten (10) years prior to the July 27, 2020 incident. involving the Plaintiff or incidents occurring at the premises where the incident made the basis of this case occurred.

**RESPONSE:**

19.     Has this Defendant ever been named as a party in any other lawsuits involving claims arising from injuries caused by a forklift? If so, please provide the case style and court where each such case was filed.

**RESPONSE:**

20.     List the names and addresses of all persons who are believed or known by you, your agents or your attorneys to have any knowledge concerning any of the issues in this lawsuit and specify the subject matter about which all such persons have knowledge.

**RESPONSE:**

21.     Identify the name, job title, employer, and address of every person who conducted an investigation of any kind into the incident made the basis of this case, including, but not limited to, any person(s) who conducted any interviews or obtained any statements from any person regarding the incident, vehicles, parties, or materials involved

in the incident, as well as any person(s) who conducted an inspection or created photos or videos of any vehicle(s), materials, location(s), or persons involved in the incident in any way.

**RESPONSE:**

22.    State the name and address of each expert witness that you expect to call as an expert witness at the trial of this case and state the subject matter on which said expert(s) are expected to testify, the substance of the facts and opinions to which each expert is expected to testify, and a summary of the grounds for each opinion expected to be offered in this case.

**RESPONSE:**

> Respectfully submitted,
>
> */s/   Victoria L. Dye*
> Victoria L. Dye (DYE010)
> Erby J. Fischer (FIS010)
> **MORGAN & MORGAN BIRMINGHAM, PLLC**
> 2317 Third Avenue North, Suite 102
> Birmingham, Alabama 35203
> T: (659) 204-6363
> F: (659) 204-6388
> vdye@forthepeople.com
> efischer@forthepeople.com
> COUNSEL FOR THE PLAINTIFF

## DEFENDANTS' ADDRESSES FOR SERVICE OF PROCESS:

UNITED NATURAL FOODS, INC.
Registered Agent: CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

SUPERVALU, INC.
Registered Agent: CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

DOCUMENT 154

ELECTRONICALLY FILED
6/6/2022 10:00 PM
11-CV-2022-900252.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| **JIMMY S. SHUMAKER,** an individual,    ) | |
| ) | |
| PLAINTIFF,    ) | |
| ) | |
| **vs.**    ) | Civil Action No.: _____ |
| ) | |
| **UNITED NATURAL FOODS, INC.**; and    ) | |
| **SUPERVALU, INC.,** *et al.*,    ) | |
| ) | |
| DEFENDANTS. | |

---

### PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
### TO UNITED NATURAL FOODS, INC.

---

COMES NOW the Plaintiff, JIMMY S. SHUMAKER, and requests that Defendant UNITED NATURAL FOODS, INC. ("UNFI") answer the following Requests for Production of Documents and Things within the time limits provided by the Alabama Rules of Civil Procedure:

<u>DEFINITIONS</u>

Unless otherwise indicated, the following definitions shall be applicable to these Requests:

1.  "YOU" or "YOUR" as used herein shall mean this Defendant; the Defendant's representatives; and all persons acting on behalf of this Defendant.

2.  "DOCUMENT(S)" and "RECORD(S)" as used herein are used in the broadest possible sense and shall include any written, printed, recorded, graphic, electronic, and computerized matter or sound reproductions, however produced or reproduced, of any kind, including, but not limited to, the original or any copy of correspondence, letters,

interoffice memoranda, interoffice directives, telephone conference memoranda, records memoranda, data, notes, printouts, communications, messages, emails, minutes, reports, schedules, tables, graphs, charts, books, pamphlets, accounts, vouchers, bills, invoices, statements, journals, ledgers, checks, contracts, agreements, orders, diaries, films, film strips, magnetic or other recorded tapes, computerized data and any other instruments and documents to which the responding party or entity has or has access to and/or which are in the possession, care, custody, or control of the responding party or entity.  This definition includes all preliminary versions of documents or records, all copies of documents, all marginal or other notes on documents or copies thereof, all file folders, and all labels or markings indicating the manner in which the documents have been maintained, with the exception of anything designated or deemed attorney work product and/or covered under the attorney-client privilege. Further, in preparing your responses hereto, please do not overlook or exclude reference to or, where required, production of, electronic or other computerized data.  Where material responsive to these requests exists in electronic form, it should be produced in its electronic form along with any hardware and/or software necessary to fully extract and utilize the data and information.

3.     "PERSON," as used herein, means an individual, corporation, partnership, joint venture, group, association, body politic, governmental agency or unit, or any other organization.

4.     Requests to "IDENTIFY A PERSON," or equivalent language, means to state his/her name, last known address, job title or position, and the name and address of his/her employer.

5.      Requests to "IDENTIFY A DOCUMENT" or equivalent language means to state with respect thereto:

> a)      The identity of the person who prepared it;
> b)      The identity of the person who signed it or over whose signature or direction it was issued;
> c)      The identity of each person to whom it was addressed or distributed;
> d)      The nature or substance of the document with sufficient particularity to enable it to be identified;
> e)      Its date and, if it bears no date, the date when it was prepared; and
> f)      The physical location of it and the names of its custodian or custodians.

6.      "RELATE(ING)   TO", "PERTAIN(ING)   TO", "REGARDING"   or "EVIDENCING" as used herein means and includes referring to, commenting on, in connection with, leading to, dealing with, evidencing, discussing, covering, representing or mentioning, in any way whatsoever, directly or indirectly the requested item or thing.

7.      "OR" as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by "or." Rather, whenever applicable, "or" should be read as having the same meaning as the word "and."

## FIRST REQUESTS FOR PRODUCTION TO DEFENDANT UNFI

YOU ARE HEREBY REQUESTED to produce true and correct copies of the following items and things:

1.      Every policy of insurance – including all primary and excess policies and the Declarations Page(s) for each – that affords this Defendant or its employees, agents, or servants any coverage for the incident made the basis of this case and the claims and damages asserted in this lawsuit.

**RESPONSE:**

2.       Complete copies of any notes, reports, correspondence, warnings, or other similar documents in any way referencing, reflecting, discussing, or relating to inspections of the Anniston, Alabama facility where the incident in this case occurred, or any equipment on the premises, conducted by any local, state, or federal entity or agency in the ten (10) years immediately preceding the July 27, 2020 incident made the basis of this case.

**RESPONSE:**

3.       Complete copies of any notes, reports, correspondence, warnings, or other similar documents in any way referencing, reflecting, discussing, or relating to inspections of the Anniston, Alabama facility where the incident in this case occurred, or any equipment on the premises, conducted by any local, state, or federal entity or agency on July 27, 2020 or in the fourteen (14) days immediately preceding the date of the incident made the basis of this case.

**RESPONSE:**

4.       All documents reflecting ownership of the forklift involved in the incident made the basis of this case.

**RESPONSE:**

5.       All inspection and repair records for the forklift involved in the incident made the basis of this case from the time period six (6) weeks prior to the July 27, 2020 incident through six (6) weeks after said incident.

**RESPONSE:**

6.     A complete copy of all OSHA-required training program materials, including safety training, that in any way reference, relate to, or discuss the use and operation of powered industrial trucks.

**RESPONSE:**

7.     A complete copy of all company-specific powered industrial truck training and/or safety program materials of any kind produced by this Defendant, utilized by this Defendant, and/or provided by this Defendant to persons operating powered industrial trucks on premises owned and/or operated and/or leased by this Defendant.

**RESPONSE:**

8.     A complete copy of all policies, procedures, guidelines, instructions, or other similar documents or things – other than those already addressed in the preceding Requests – produced by, utilized by, and/or provided to agents, servants, employees, or anyone operating powered industrial trucks on company premises and/or for the use and benefit of the company, that in any way reference, relate, to, or discuss the following:

   a.  Handling, operation, and use of powered industrial trucks;

   b.  Stopping, parking, and storing powered industrial trucks;

   c.  Procedures for handling disabled powered industrial trucks.

**RESPONSE:**

9.     A complete copy of all handbooks, policies, procedures, rules, regulations, guidelines, instructions, or other similar documents or things, however named, provided to the on-site "safety supervisor" or other similar person(s) responsible for overseeing, inspecting, monitoring, directing, and addressing workplace safety.

DOCUMENT 154

**RESPONSE:**

10.    All photographs of premises and location where the incident made the basis of this case occurred.

**RESPONSE:**

11.    All photographs of the forklift (or any component part thereof) involved in the incident made the basis of this case.

**RESPONSE:**

12.    All audio and video footage (including security footage, cell phone video footage, or any other kind of video recording) capturing all or any part of the incident involving the Plaintiff giving rise to this case.

**RESPONSE:**

13.    All documents of any kind that reference, relate to, or demonstrate any correspondence, communication, requests, directives, or instructions related to the forklift involved in this case in the 24-hour period leading up to (and including) the incident giving rise to this case.

**RESPONSE:**

14.    Any safety-related warnings, reprimands, notices, reminders, memos, or correspondence or communication of any kind relating to, regarding, or in any way referencing use, operation, stopping, parking, or storage of forklifts in the Anniston, Alabama facility in the six (6) months leading up to (and including) the date of the incident made the basis of this case.

**RESPONSE:**

15.     Statements of any kind (written, oral, audio, or transcribed) obtained from the Plaintiff.

**RESPONSE:**

16.     Statements of any kind (written, oral, audio, or transcribed) obtained from any witness to any part of the incident made the basis of this case.

**RESPONSE:**

17.     Statements of any kind (written, oral, audio, or transcribed) obtained from any other person relating, regarding, referring to, or in any way referencing the Plaintiff, the incident made the basis of this case, or the forklift involved in said incident.

**REPSONSE:**

18.     A copy of the complete investigatory materials regarding the incident made the basis of this case.

**RESPONSE:**

19.     A copy of all reports, notices, and correspondence of any kind to any local, state, or federal entity regarding the incident made the basis of this case.

**REPSONSE:**

20.     With respect to any expert witness who will provide testimony or opinions in this matter on your behalf, produce a copy of each expert witness's entire file, including but not limited to any report generated by said expert witness, all documents generated by said expert witness, all documents relied upon by the expert witness in arriving at his conclusions, correspondence, measurements, calculations, notes, etc.

**RESPONSE:**

21.     All documents, items, or things which this Defendant intends to use as an exhibit or demonstrative aid or offer into evidence at the trial of this case.

**RESPONSE:**

22.     A copy of all documents obtained by subpoena in this matter.

**RESPONSE:**

Respectfully submitted,

*/s/   Victoria L. Dye*
Victoria L. Dye (DYE010)
Erby J. Fischer (FIS010)
**MORGAN & MORGAN BIRMINGHAM, PLLC**
2317 Third Avenue North, Suite 102
Birmingham, Alabama 35203
T: (659) 204-6363
F: (659) 204-6388
vdye@forthepeople.com
efischer@forthepeople.com
COUNSEL FOR THE PLAINTIFF

**DEFENDANTS' ADDRESSES FOR SERVICE OF PROCESS:**

UNITED NATURAL FOODS, INC.
Registered Agent: CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

SUPERVALU, INC.
Registered Agent: CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104



AlaFile E-Notice

11-CV-2022-900252.00

To:  Victoria L. Dye
     vdye@forthepeople.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

JIMMY S. SHUMAKER V. UNITED NATURAL FOODS, INC. ET AL
11-CV-2022-900252.00

The following alias summons was FILED on 7/7/2022 8:18:07 AM

Notice Date:     7/7/2022 8:18:07 AM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov



AlaFile E-Notice

11-CV-2022-900252.00

To:   SUPERVALU, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST, STE. 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

JIMMY S. SHUMAKER V. UNITED NATURAL FOODS, INC. ET AL
11-CV-2022-900252.00

The following alias summons was FILED on 7/7/2022 8:18:07 AM

Notice Date:     7/7/2022 8:18:07 AM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov



AlaFile E-Notice

11-CV-2022-900252.00

To:  UNITED NATURAL FOODS, INC.
C/O CT CORPORATION SYSTEM
1010 DALE ST NORTH
ST. PAUL, MN, 55117

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

JIMMY S. SHUMAKER V. UNITED NATURAL FOODS, INC. ET AL
11-CV-2022-900252.00

The following alias summons was FILED on 7/7/2022 8:18:07 AM

Notice Date:     7/7/2022 8:18:07 AM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov



AlaFile E-Notice

11-CV-2022-900252.00

To:  FISCHER ERBY JOHNSON II
efischer@forthepeople.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

JIMMY S. SHUMAKER V. UNITED NATURAL FOODS, INC. ET AL
11-CV-2022-900252.00

The following alias summons was FILED on 7/7/2022 8:18:07 AM

Notice Date:     7/7/2022 8:18:07 AM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>11-CV-2022-900252.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA
### JIMMY S. SHUMAKER V. UNITED NATURAL FOODS, INC. ET AL

**NOTICE TO:** UNITED NATURAL FOODS, INC., C/O CT CORPORATION SYSTEM 1010 DALE ST NORTH, ST. PAUL, MN 55117

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Victoria L. Dye

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2317 3rd Avenue North, Suite 102, Birmingham, AL 35203

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of SHUMAKER JIMMY S.
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 07/07/2022 | /s/ KIM MCCARSON | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ Victoria L. Dye

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____   _____   _____

*(Type of Process Server)*   *(Server's Signature)*   *(Address of Server)*

_____   _____

*(Server's Printed Name)*   *(Phone Number of Server)*